In the Matter of MILTON A. TEPLIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 30, 1981

### APPEARANCES OF COUNSEL

*Howard Benjamin* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Milton A. Teplin pro se.*

### OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice at a term of the Appellate Division, First Department, on November 13, 1933. On May 14, 1974, an order of suspension was entered by this court for a period of one year, effective June 14, 1974, based on a finding that respondent had mishandled a client's fund. (44 AD2d 373.) Respondent has not petitioned the court for reinstatement at any time since his suspension and therefore continues under suspension.

On August 24, 1979, respondent was convicted of eight counts of Federal mail fraud and wire fraud under sec-

tions 1341 and 1343 of title 18 of the United States Code by a jury in the United States District Court for the Western District of North Carolina, Charlotte Division. This conviction was affirmed on appeal. Thereafter, in November, 1980, respondent submitted an affidavit of resignation from the Bar to this court. The affidavit was referred to the Departmental Disciplinary Committee for advisement as to whether respondent's conviction under Federal law would invoke an automatic disbarment in New York. Such felonies have no corresponding New York felony. While in the process of this determination, however, evidence that respondent was in violation of this court's 1974 order of suspension came to the attention of the committee. That evidence provided the foundation for the charges in this motion seeking disbarment of respondent pursuant to subdivision 2 of section 90 of the Judiciary Law and other relief as this court may deem just and proper.

Petitioner charges on this motion that respondent was practicing law with a law office, business cards and letterheads whereby he represented himself to be an attorney. The Federal indictment for which respondent was convicted stated that respondent held himself out to be an attorney. This statement comprised charge one. Charges two and three set forth specific transactions in which there were numerous documented instances wherein respondent held himself out as an attorney at law in New York, including an affidavit by respondent and an application for an index number in a lawsuit arising from one of those transactions. Respondent does not refute the second and third charges. He contests the first charge as a conclusory statement, arguing that his conviction does not constitute proof of the truth of the statement.

Practicing law while under a suspension constitutes grounds for disbarment. *(Matter of Nitsberg,* 79 AD2d 489.) The unopposed findings mandate the result.

In order to protect the public, the respondent should be disbarred effective immediately, respondent's name should be stricken from the roll of attorneys and counselors at law in the State of New York, and an attorney should be ap-

pointed to inventory the files of respondent and to take such action as is necéssary to protect the interests of respondent's clients.

MURPHY, P. J., KUPFERMAN, SULLIVAN, CARRO and SILVERMAN, JJ., concur.

Motion granted, respondent's name stricken from the roll of attorneys and counselors at law effective immediately and attorney appointed to inventory respondent's files as indicated in the order of this court.