In the Matter of MARVIN R. JAVITZ (Admitted as MARVIN RONALD JAVITZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 29, 1982

APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Marvin R. Javitz,* respondent *pro se.*

OPINION OF THE COURT

*Per Curiam.*

The record contains more than adequate evidence to support the opinion and recommendation of the hearing panel.

First, respondent is guilty of neglect and misrepresentation in violation of DR 6-101 (A) (3) and DR 1-102 (A) (4) of the Code of Professional Responsibility. He failed to prosecute an appeal on behalf of Kagan and Chatham and he made factual misrepresentations to them as to the status of the appeal. Second, he violated those same Disciplinary Rules of the Code of Professional Responsibility by failing to foreclose a mechanic's lien on behalf of Barlas and Schwartz, and by making similar misrepresentations as to the status of their case. Third, respondent engaged in conduct involving a conflict of interest in violation of DR 5-101 (A) and DR 5-105 (A) by, *inter alia,* representing both

the owner, Stephen Kowalchuk, and the Robin Este Tenants Association. The record shows that respondent also engaged in other acts of conflict which need not be detailed herein.

The respondent was admitted to practice as an attorney in the Second Judicial Department on December 17, 1958. It should be stressed that, on two earlier occasions, respondent was admonished for dereliction of duty involving neglect and misrepresentation. Therefore, the present instances of neglect, misrepresentation and conflict of interest warrant a severe sanction. Since respondent's professional misconduct was of a serious nature, a three-year suspension is warranted. Accordingly, the committee's petition should be granted to the extent of confirming the findings of guilt, the branch thereof recommending disbarment should be denied, and respondent should be suspended for three years effective October 4, 1982.

MURPHY, P. J., SANDLER, SULLIVAN, ROSS and MILONAS, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of three years effective October 4, 1982.