In the Matter of ROLLAND W. DAGUE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 1, 1983

### APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Rolland W. Dague, pro se,* and *O'Rourke & Degen* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Petitioner seeks an order striking respondent's name from the roll of attorneys, in accordance with section 90 (subd 4, par b) of the Judiciary Law, on the ground of automatic disbarment following felony conviction in New York State Supreme Court. Respondent seeks an adjournment of this proceeding.

Respondent was admitted to practice in this court on April 2, 1951. On October 7, 1982 respondent was tried by jury and found guilty of the class D felonies of bribery in the second degree (Penal Law, § 200.00, two counts) and bribing a witness (Penal Law, § 215.00), as well as the class A misdemeanors of conspiracy in the third degree (formerly Penal Law, § 105.05), giving unlawful gratuities

(Penal Law, § 200.30) and obstructing governmental administration (Penal Law, § 195.05). On November 15 respondent was sentenced to concurrent terms of nine months imprisonment on each count, with execution of sentence stayed until March 21, 1983.

Respondent states that he will appeal his criminal conviction on the ground that the trial was conducted while he was confined to a hospital in critical condition, and that the results of the trial would have been different had he been able to testify in his own behalf. He thus seeks an adjournment of the instant proceeding in order to produce evidence of his good character, in the hope that this will stay his disbarment pending his appeal.

Stay of execution of a sentence does not alter the fact of conviction. Respondent ceased to be an attorney and counselor at law upon conviction of a felony, and was thus rendered incompetent to practice law in this State (Judiciary Law, § 90, subd 4, par a). Disbarment under such circumstances is automatic (*Matter of Gotkin,* 83 AD2d 342), and the instant proceeding to strike respondent's name from the roll of attorneys is merely a formality (Judiciary Law, § 90, subd 4, par b; *Matter of Ginsberg,* 1 NY2d 144).

Respondent is free to pursue appeal of his criminal conviction. However, stay of execution of his sentence pending appeal has no effect on a petition to strike from the rolls the name of an attorney convicted of a felony (*Matter of Roseman,* 68 AD2d 54, mot to dismiss app granted 48 NY2d 653, mot for lv to app den 48 NY2d 608; *Matter of Kase,* 64 AD2d 197). Nor does the taking of an appeal alter respondent's obligations under section 603.13 of the rules of this court (22 NYCRR 603.13) to terminate his legal practice. Respondent's affidavit indicates that he is continuing to represent clients, albeit at their request, notwithstanding his automatic disbarment. Accordingly, unless respondent files proof of compliance with our rules (see 22 NYCRR 603.13 [f]) within 10 days of service of this order, this court will entertain an application for appropriate relief under section 603.13 (g), to protect the interests of clients.

MURPHY, P. J., KUPFERMAN, ROSS, FEIN and ALEXANDER, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.