In the Matter of HOWARD R. STALLER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 9, 1983

APPEARANCES OF COUNSEL

*Robert P. Walsh* of counsel (*Michael A. Gentile*, attorney), for petitioner.

*Howard R. Staller,* respondent *pro se.*

OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice on December 12, 1966 in the First Judicial Department, wherein he maintained an office for the practice of law until recently. Two unrelated complaints have been filed against respondent, one dealing with the possible conversion of a $25,000 check in settlement of litigation, and the second involving the alleged conversion of $6,550 in escrow moneys entrusted to respondent during the pendency of a real estate closing. Over a course of seven months, from July, 1982 to February, 1983, respondent either ignored or frustrated attempts by the Departmental Disciplinary Committee to elicit an explanation directed to the merits of these allegations. His only explanation for his inability to respond is that personal pressures have brought him to the verge of a nervous breakdown. In the absence of any medical verification or

judicial determination of incompetency or incapacitation, such explanations must at this juncture be viewed as merely efforts to frustrate petitioner's investigation of these matters.

In view of the seriousness of the allegations against him, as well as his continued failure to respond to the charges, respondent should be suspended forthwith and until such time as the complaints against him have been finally disposed of, or until further order of this court (*Matter of Swirsky,* 93 AD2d 127).

Petitioner's request for appointment of a conservator (22 NYCRR 603.13 [g]) should be denied, without prejudice to renewal upon a showing of need for such relief (*Matter of Dague,* 91 AD2d 336, 337).

SULLIVAN, J. P., ROSS, FEIN, MILONAS and KASSAL, JJ., concur.

Motion, insofar as it seeks imposition of costs, denied, and insofar as it seeks appointment of a conservator denied without prejudice to renewal, and insofar as it seeks to suspend respondent from the practice of law until certain matters now pending before petitioner are resolved granted, all as indicated in the order of this court.