In the Matter of IRVING BECKER, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 14, 1983

APPEARANCES OF COUNSEL

*Claudio B. Bergamasco* of counsel (*Michael A. Gentile,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted to practice in the Second Department on December 15, 1948. On February 25, 1983, respondent was suspended from the practice of law because of his failure to co-operate with the Departmental Disciplinary Committee by failing to answer six complaints filed against him and for inexcusably and intentionally failing to appear at the committee's offices for an interview pursuant to a subpoena of this court (92 AD2d 531).

By motion submitted March 24, 1983, petitioner, the Departmental Disciplinary Committee sought the appointment of an attorney to inventory respondent's files and to

hold respondent in contempt for failure to show that he had complied with the order of suspension, in that respondent had failed to notify his clients of his suspension and failed to file an affidavit of compliance in accordance with 22 NYCRR 603.13.

That motion was granted only to the extent of referring the matter to a referee to hear and report with respect to respondent's alleged failure to comply with provisions of 22 NYCRR 603.13. The suspension was continued until further order of the court.

Petitioner now moves for an order of disbarment pursuant to subdivision 2 of section 90 of the Judiciary Law, asserting that not only has respondent willfully failed to comply with the order of suspension, but he has, in fact, been practicing law while under suspension.

On March 22, 1983, respondent appeared at Disciplinary Committee offices pursuant to subpoena duces tecum issued by this court. Petitioner has submitted respondent's testimony before the Disciplinary Committee in which he admits his failure to file an affidavit of compliance as required by 22 NYCRR 603.13. To date, such affidavit of compliance has not been filed. Respondent also failed to produce documents and records requested and stated he was unprepared to answer the complaints (there are some 38 complaints now pending).

In addition, petitioner has submitted unrebutted documentary evidence that not only did respondent fail to notify a client whom he was representing in a matrimonial action of his suspension, he has continued to practice law in that since February 23, he has repeatedly met with and counseled that client, has prepared and served an answer to the complaint for that client and has conferenced with the client and the client's tax lawyer regarding the responsive pleading and the tax implications of the lawsuit.

The foregoing allegations, which have not been challenged, are clearly evidence that respondent has been practicing law in violation of the suspension order. Such conduct warrants disbarment (*Matter of Teplin,* 82 AD2d 296) and especially so when considered in connection with respondent's willful failure to comply with 22 NYCRR 603.13.

Accordingly, the motion for disbarment is granted and respondent's name is stricken from the roll of attorneys.

In view of the order of disbarment, the order of May 17, 1983, appointing a referee to hear and report with respect to respondent's failure to comply with 22 NYCRR 603.13 is recalled and an attorney appointed to inventory respondent's files so as to protect the interests of respondent's clients.

MURPHY, P. J., ROSS, BLOOM, MILONAS and ALEXANDER, JJ., concur.

Motion granted and respondent's name stricken from the roll of attorneys and counselors at law in the State of New York effective July 14, 1983. The order of this court entered on May 17, 1983 is recalled and vacated and an attorney appointed to inventory respondent's files, all as indicated in the order of this court.