In the Matter of MARVIN R. JAVITZ (Admitted as MARVIN RONALD JAVITZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 27, 1984

**APPEARANCES OF COUNSEL**

*Howard Benjamin* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Daniel Rosen* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

The Departmental Disciplinary Committee moves (i) to punish respondent Marvin R. Javitz for contempt pursuant to subdivision 2 of section 90 of the Judiciary Law; (ii) to disbar the respondent pursuant to that same statute and (iii) to appoint an attorney to inventory his files pursuant to 22 NYCRR 603.13 (g).

Respondent was suspended for a period of three years for various acts of professional misconduct including (i) neglect, (ii) misrepresentation and (iii) conflict of interest (*Matter of Javitz,* 88 AD2d 303). Our original order of suspension, entered July 29, 1982, set October 4, 1982 as the effective date of suspension. By our order entered October 26, 1982, we extended the effective date of the suspension to November 3, 1982.

Shortly after his suspension commenced, respondent represented Mr. and Mrs. Adler in real estate litigation. Respondent frequently used the name of another attorney, Daniel Rosen, in his papers during the course of the Adler matter. Eventually, respondent was arrested at the real estate closing by an investigator from the District Attorney's office of Rockland County. On September 21, 1983, respondent was convicted in the Justice Court in the Town of Stony Point of the unauthorized practice of law (Judiciary Law, § 486).

Respondent makes no attempt to challenge this conviction. Instead, he and his attorney, the same Daniel Rosen, assert mitigating circumstances and ask for the mercy of the court. Respondent stresses that there was sickness and death in his family during the period in which he committed the violations underlying his suspension. He states that he was under continuous emotional stress during this same period because he believed he was suffering from cancer. It was only after his conviction in Rockland County that he was informed that he did not have cancer.

The mitigating factors set forth in the respondent's papers do not excuse his willful violation of our order of suspension. Likewise, we find no merit to his claim that he did not receive a fair hearing on the underlying charges that resulted in his suspension. Respondent's conviction requires us to disbar him immediately in order to protect the public. (*Matter of Teplin,* 82 AD2d 296; *Matter of Nitsberg,* 79 AD2d 489.)

Respondent maintains that he has turned over his active files to his clients in August of 1982. However, the record does not contain any proof that he gave notice to his clients upon his suspension pursuant to 22 NYCRR 603.13 (c), (d). Likewise, a certificate of compliance was never filed pursuant to 22 NYCRR 603.13 (f).

The record also raises a question as to whether the respondent properly terminated his legal relationship with Alice Ojeda, a client. The respondent failed to cooperate with the Departmental Disciplinary Committee in its investigation of the Ojeda complaint. If the respondent was not being disbarred, he would be further disciplined for his lack of cooperation in the Ojeda matter.

In this background, we do not know whether respondent turned over all his active files. Similarly, we are not certain that all of his clients have been notified of his suspension. We are also apprehensive that respondent may not notify his clients of his disbarment. In order to protect the interests of the clients, we find it necessary to appoint an attorney to inventory the respondent's files.

Accordingly, the motion should be granted to the extent of disbarring the respondent immediately and striking his name from the roll of attorneys and counselors at law in the State of New York. An attorney should be appointed to inventory respondent's files and to take such action as is necessary to protect the interests of respondent's clients.

MURPHY, P. J., SANDLER, SULLIVAN, ROSS and MILONAS, JJ., concur.

Motion granted only to the extent of striking respondent's name from the roll of attorneys and counselors at law in the State of New York effective March 27, 1984 and appointing an attorney to inventory respondent's files and take action to protect the interests of respondent's clients and to report findings to the court as indicated in the order of this court.