In the Matter of HOWARD R. STALLER (Admitted as HOWARD RAYMOND STALLER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 29, 1984

### APPEARANCES OF COUNSEL

*Robert P. Walsh* of counsel (*Michael A. Gentile,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice in this department in 1966. In 1982 through 1983, petitioner received and investigated two unrelated complaints of misconduct on respondent's part. The first involved the alleged conversion of $25,000 due a client as settlement of litigation. The second involved the alleged conversion of $6,550 supposedly held in escrow by respondent pending a real estate closing.

Respondent so frustrated petitioner's efforts to investigate these serious allegations that this court was moved to suspend him from practice until resolution of these matters (94 AD2d 119). Respondent was served with notice of entry of this order by mail on June 10, 1983, at his address in Cliffside Park, New Jersey. Since that time, respondent has continued to frustrate petitioner's investigation of these complaints by ignoring all of petitioner's communications. In addition, respondent has failed to comply with subdivision (f) of section 603.13 of the rules of this court (22 NYCRR 603.13 [f]), which requires the filing of an affidavit of compliance within 10 days after an order of suspension.

On June 18, 1984, petitioner was formally notified of a third complaint against respondent, involving the alleged conversion of a $10,000 deposit on a real estate contract of sale, which was supposed to have been held in escrow by respondent. The complainant's check, drawn to respondent's order "as attorney" for the seller, and clearly marked as a deposit on the contract, was delivered at the contract signing on July 21, 1983, at offices maintained by respondent at 11 East 17th Street in Manhattan. When the deal fell through and the complainant's attorney experienced difficulty in recovering the escrow, he filed a complaint with the District Attorney, took an inquest in Supreme Court, and referred this matter to petitioner.

The contract of sale provides that the $10,000 deposit will be "held in escrow by the attorney for Seller, HOWARD R. STALLER", and bears respondent's signature acknowledging receipt of this money. A one-page supplementary agreement, also dated July 21, 1983, appears to be drafted entirely in respondent's handwriting. This is indisputable evidence that respondent was engaged in the practice of law fully six weeks after this court had ordered his suspension of practice. The unauthorized practice of law while under suspension is unlawful (Judiciary Law, § 486) and warrants immediate disbarment (*Matter of Javitz,* 100 AD2d 288; *Matter of Becker,* 95 AD2d 67; *Matter of Teplin,* 82 AD2d 296; *Matter of Nitsberg,* 79 AD2d 489).

Such misconduct, especially in light of respondent's failure to comply with subdivision (f) of section 603.13 of the rules of this court, is a clear indication of a need for immediate steps to protect the public. Accordingly, respondent should be disbarred effective immediately, his name should be stricken from the roll of attorneys and counselors at law authorized to practice in the State of New York, and an attorney should be appointed to inventory respondent's files and take such action as may be

necessary to protect the interests of respondent's clients (22 NYCRR 603.13 [g]).

SULLIVAN, J. P., ROSS, FEIN, MILONAS and KASSAL, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York effective November 29, 1984, and the petitioner is appointed to inventory respondent's files, all as indicated in the order of this court.