■ JOSEPH LUBIN, as Executor of BARNETT KATZ, Deceased, et al., Respondents, v LINDENMERE PROPERTIES INC. et al., Defendants, and ARNOLD LEVINE, Appellant.

Plaintiffs are present or former tenants in a garden apartment complex known as the Maiden Queens Project (the Project), located in Kew Gardens Hills. The title holder to the project is Lindenmere Properties Inc. (Lindenmere). Lindenmere is wholly owned by a limited partnership of which the four partners of the law firm Levine, Honig, Eisenberg & Meyer were general partners.

Plaintiffs contend that the purpose of the acquisition of the project was to convert it into private homes. Defendants contend that the purpose was to convert it into condominiums. In any event, it is contended that thereafter a concerted campaign of harassment was undertaken by Lindenmere which periodically deprived tenants of heat, hot water, adequate maintenance of

the premises, and other necessary services. It was also contended that it failed to adhere to the renewal lease requirements notice specified with respect to rent-stabilized tenants. A proceeding was commenced before the Conciliation and Appeals Board which, after hearing, found that Lindenmere had failed to comply with its obligations as landlord and entered an order expelling it from the Rent Stabilization Association, thus depriving it of any of the benefits provided under the Rent Stabilization Law.

The plaintiffs also assert that the defendant Marvin Javitz, an attorney, was retained by the tenants' association during a portion of this period and that he was also retained by the defendants and that during the period that he represented the tenants' association he received $5,500 in fees to perform services adverse to their interests. Indeed, they point out that charges were brought against him for this conduct as a result of which he was suspended for a period of three years (*Matter of Javitz*, 88 AD2d 303).

Levine moved to dismiss the complaint against him, asserting that he had terminated his relationship with the law firm and Maiden Queens Associates in June 1978. He asserts that plaintiffs knew of this even though as late as January 1979, the certificate of limited partnership had not been amended. Since there was actual knowledge "the Recording Act loses all pertinence" (49 NY Jur, Records and Recording Acts, § 63).

The complaint contains three causes of action. The first count alleges severe harassment by tortious means. The second cause asserts tortious interference with the contractual relationship between the tenants' association and Javitz. The third cause seeks an accounting of the sums paid by the tenants' association and defendants to Javitz and a return thereof.

While it is true that Levine's liability may have terminated in June 1978, we cannot say on this record that all of the acts complained of occurred subsequent to that time. Hence, the action is properly maintainable as against him.

Levine further contends that the action is time barred inasmuch as it was not brought within one year. CPLR 215 specifies the actions to be brought within the one-year period. In subdivision (7) it provides that an action by a tenant pursuant to Real Property Law § 223-b (3) must be brought within the time span. However, section 223-b limits the right of a landlord to serve a notice to quit or to commence an action or summary proceeding *in retaliation* for specified action. Nothing in the complaint asserts retaliatory action. What is asserted is harassing action to compel tenants to quit so that the project might be converted

to private ownership. Thus, the first two causes of action are sufficiently set forth.

The third count alleges a cause only as against Javitz. However, as labeled it is not limited to Javitz. Levine is, therefore, entitled to a dismissal of that cause as against him. Concur — Murphy, P. J., Ross, Bloom and Kassal, JJ.