In the Matter of NORMAN GLASSMAN (Admitted as NORMAN ARTHUR GLASSMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 7, 1987

## APPEARANCES OF COUNSEL

*Jeanne C. O'Rourke* of counsel *(Michael A. Gentile,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to practice by the Appellate Division, Second Department, on February 9, 1977 and, during the period involved in this proceeding, maintained an office for the practice of law in the First Department.

On November 23, 1983, respondent was convicted upon his plea of guilty, in the United States District Court for the District of New Jersey, of conspiracy to make false statements to the Immigration and Naturalization Service, in violation of 18 USC § 371 (conspiring to commit a violation of 18 USC § 1001). He was sentenced to a two-year term of imprisonment, fined $5,000 and ordered to stand committed until the fine was paid in full. The underlying conspiracy charged respondent and his coconspirators with providing alien clients with false and fictitious documents for use in applying for naturalization, and offers of money and other valuable gifts to employees of the Immigration and Naturalization Service.

On May 17, 1984, the Departmental Disciplinary Committee moved for a determination that the crime for which respondent had been convicted was a "serious" one under Judiciary Law § 90 (4) (d) and to suspend him from the practice of law pursuant to Judiciary Law § 90 (4) (f), pending completion of the proceedings before the Committee. Respondent offered no objection to his immediate suspension but requested that no final action be taken until after April 1985, when he expected to be released from the Allenwood Federal Correctional Institution.

Accordingly, on December 11, 1984, an order of suspension was entered by this court, suspending respondent from practice, effective December 11, 1984, until the final determination of the petition and the further order of the court. He was served with notice of entry of the suspension order on December 26, 1984.

Subsequently, respondent submitted to the Disciplinary Committee an affidavit required by 22 NYCRR 603.13 (f), and notices to clients advising of his suspension and the need for them to retain other counsel. Thereafter, on July 24 and November 7, 1985, he tendered to the Committee affidavits of resignation from the Bar. As a result, it became necessary for the Hearing Panel to review the matter to determine whether

it would recommend that the resignation be accepted (22 NYCRR 603.11 [b]). For that purpose, the Panel conducted a further investigation, which included an examination of the transcript of respondent's testimony in other cases on behalf of the prosecutor's office and, accordingly, withheld recommendation pending such review.

During the intervening period, in April 1986, the Disciplinary Committee received complaints which caused it to believe that respondent had continued to practice law after the effective date of his suspension, December 11, 1984. In two letters from attorneys, dated April 1 and 10, 1986, the Committee was advised that respondent had represented a client in a legal matter after filing his affidavit of compliance with the order of suspension and after both affidavits of resignation had been submitted to the Committee. Respondent was charged with having represented a client in negotiations in connection with the purchase of a package liquor store and two buildings in Manhattan. On September 22 and December 22, 1986, the Disciplinary Committee wrote to respondent with respect to these new charges, attached copies of the correspondence and requested a written answer. When respondent failed to respond, this motion was made for disbarment pursuant to Judiciary Law § 90 (2), for the willful failure to comply with the prior order of suspension. Respondent has defaulted on the motion.

The unauthorized practice of law while under suspension is unlawful (Judiciary Law § 486) and constitutes grounds for immediate disbarment (*Matter of Staller,* 104 AD2d 116; *Matter of Javitz,* 100 AD2d 288; *Matter of Becker,* 95 AD2d 67; *Matter of Teplin,* 82 AD2d 296; *Matter of Nitsberg,* 79 AD2d 489). Although only two months has elapsed since the letters from the Committee inquiring as to respondent's alleged representation of a client during the time he had been suspended from practice, he has failed in any way to challenge the allegations, which are undisputed on this record. It clearly appears that he had represented a client during the period he had been subject to an order of suspension.

Accordingly, in order to protect the public, respondent is disbarred effective immediately, his name stricken from the roll of attorneys and counselors-at-law in the State of New York, and an attorney appointed to inventory his files and

take such action as may be necessary to protect the interests of his clients.

SULLIVAN, J. P., ROSS, CARRO, KASSAL and ROSENBERGER, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective immediately.