In the Matter of RICHARD P. MARACINA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 9, 1989

## APPEARANCES OF COUNSEL

*Polly M. Puner* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Richard P. Maracina,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee for the First Judicial Department seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) suspending respondent from the practice of law forthwith and until completion of the pending Committee investigation of eight complaints of serious professional misconduct filed against him.

Respondent was admitted to the practice of law by the Appellate Division, Second Department, on December 17, 1969. At all relevant times, respondent has maintained an office for the practice of law within the First Judicial Department.

The eight complaints, which were filed against respondent between January 22 and August 1, 1988, in addition to an allegation that he paid a grocery bill with a bad check, allege that he accepted retainer fees totaling approximately $16,000 to perform various legal services and, in each instance, has totally neglected or failed to pursue each matter to the detriment of his clients.

Upon respondent's failure to respond to three of the complaints, a subpoena duces tecum was issued, directing respondent to appear at the Committee's offices. After his appearance was twice adjourned at his request, respondent appeared on August 11, 1988 for a sworn interview at which he disputed the complaints and promised to provide the Committee with certain documentary evidence, which he has not produced despite a further request. At the same time, four of the other complaints were under investigation by the Committee and, aside from one telephone call, on August 31, 1988, in which respondent stated that he would submit answers to the complaints by hand, respondent has failed to respond to any of these complaints or the numerous letters sent to him requesting such answers and advising him that his unexcused failure to respond to the complaints constitutes, by itself, professional misconduct.

On October 4, 1988, a second subpoena duces tecum was issued by this court, requiring respondent's appearance before the Committee on October 14, 1988 regarding these four complaints. After his two requests for adjournments were granted and he stated that he would definitely appear for a

sworn interview on October 19, 1988, respondent failed to appear and a default was taken on that date. At the time of this motion, the Committee had received no communication from respondent giving any reason for his default.

The Committee states, in support of this motion, that at his only interview in August 1988, respondent testified that he had contracted viral hepatitis in 1984 and had been hospitalized for a period of time and bedridden in 1984 and 1986 after suffering relapses. The Committee does not dispute these claims, the only dispute being whether respondent's illness may serve as a satisfactory excuse for respondent's failure to meet his professional obligations to his clients and the Committee. According to the Committee, respondent has continued to practice law as a solo practitioner since his illness in 1984, continues to take on new clients, and is using his illness as a shield to avoid answering questions from the Committee and complying with the subpoenas issued by this court.

In a late answer received by this court after the return date of this motion, respondent claims that, as a result of his illness, he has been unable to work more than a few days a week and several hours a day. He asserts that he has been trying to reduce his huge backlog of cases; that the majority of the more recent complaints stem in the most part from his failure to communicate with his clients due to his intermittent illness, not from any wrongdoing; that it was never his intention to ignore or fail to cooperate with the Committee; that he is progressing in bringing his backlog of cases up to date; and, that he was presently preparing his answers to the complaints and would submit them to the Committee by January 30, 1989. Despite this last assertion, respondent failed to meet his self-imposed deadline.

Thus, since respondent's history of repeated failures to answer the complaints of professional misconduct against him or to cooperate with the Committee can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation and to defer any future disciplinary action against him, if warranted, petitioner's motion should be granted (see, Matter of Gordon, 142 AD2d 135; Matter of Staller, 94 AD2d 119).

Accordingly, pursuant to 22 NYCRR 603.4 (e) (1) (i), respondent should be suspended from the practice of law forthwith and until such time as the complaints against him have been finally disposed of and until further order of this court. We

also direct that respondent cooperate with the Committee's investigation without further delay. *(Matter of Jackson,* 128 AD2d 150, 152.)

KUPFERMAN, J. P., CARRO, MILONAS, ROSENBERGER and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York forthwith and until such time as the complaints against him have been finally disposed of, and until the further order of this court and respondent is directed to cooperate with the petitioner's investigation without further delay.