[606 NYS2d 204]

In the Matter of PAUL D. POWSNER, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 6, 1994

**APPEARANCES OF COUNSEL**

*Naomi F. Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

Per Curiam.

Respondent Paul D. Powsner, was admitted to the practice of law by the Appellate Division, Second Department, on December 19, 1951, and maintained an office for the practice of law in the First Department at all times pertinent to the instant proceeding.

On March 1, 1993, the respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of wire fraud in violation of 18 USC § 1343, a Federal felony. He was thereafter sentenced to a term of imprisonment for a period of 18 months followed by a period of three years' supervised release, and was ordered to pay restitution in the amount of $1,359,504.10 to Arthur Reiss.

Respondent's conviction arose out of events which took place in November 1990 while he represented I. Reiss and Son (Reiss) in its acquisition of commercial real estate. Respondent told Reiss that he had negotiated a contract on Reiss's behalf for the purchase of two Wal-Mart Stores located in Texas for approximately $1.25 million. Reiss wired the $1.25 million to respondent. Subsequently, respondent sent Reiss a closing statement which purported to evidence the sale of the stores to Reiss. In fact, respondent never negotiated a final contract but instead had taken the $1.25 million wired to him by Reiss and converted the money to his own personal use. Respondent admitted these facts in the course of his plea allocution.

Although the elements of Federal wire fraud do not constitute a felony under New York law (Matter of Teplin, 82 AD2d 296), when the respondent in his plea allocution admits conduct that would constitute a New York felony, an order of disbarment may be issued by this Court (Matter of Catalfo, 181 AD2d 213). Penal Law § 155.05 (1) provides that "[a] person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner thereof." Penal Law § 155.42 provides that "[a] person is guilty of grand larceny in the first degree when he steals property and when the value of the property exceeds one million dollars."

The respondent in his plea allocution admitted to conduct that would constitute the crime of grand larceny in the first degree. Accordingly, the petition of the Departmental Disciplinary Committee seeking an order striking respondent's name

from the roll of attorneys, which is not opposed by respondent, should be granted.

SULLIVAN, J. P., CARRO, WALLACH, ASCH and RUBIN, JJ., concur.

Respondent's name is directed to be struck from the roll of attorneys and counselors-at-law in the State of New York, effective January 6, 1994.