[613 NYS2d 3]

In the Matter of STEPHEN E. KARSCH (Admitted as STEPHEN ELIAS KARSCH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 31, 1994

### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Warren H. Colodner* and *Maura S. McNulty* of counsel *(Kirkpatrick & Lockhart,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Stephen E. Karsch was admitted to practice in New York by the Second Judicial Department on October 16, 1968 under the name Stephen Elias Karsch and at all times pertinent to this proceeding has maintained an office for the practice of law within the First Judicial Department.

On August 6, 1993, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of conspiracy to commit mail fraud, in violation of 18 USC § 371, which constitutes a felony under Federal law. He was sentenced on February 4, 1994 to a term of imprisonment of 27 months and, upon release from prison, to probation for two years. He was also fined the sum of $40,000.

Respondent's conviction arose out of his participation, as a vice-president and director of Sloan's Supermarkets, Inc., in a scheme to defraud consumer product manufacturers and coupon clearinghouses by fraudulently redeeming manufacturers' coupons through the clearinghouse. Respondent admitted that, during the course of the scheme, he signed checks which were used to pay for the purchase of mass-cut coupons which were fraudulently redeemed. Sloan's received payment for the mass-cut coupons in excess of $1 million.

Petitioner Departmental Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys, on the ground that the Federal felony of which respondent was convicted would, if committed in New York, be a felony *(see,* Judiciary Law § 90 [4] [e]), and is therefore a proper predicate for automatic disbarment.

The Federal crime of mail fraud does not have a corresponding New York felony. *(Matter of Teplin,* 82 AD2d 296.)* However, since, during the course of the plea proceeding and in his answer to the petition, respondent has admitted to conduct which satisfies the elements of grand larceny in the first degree (Penal Law § 155.42)—participating in a scheme in which property in excess of $1 million was stolen—there is a sufficient predicate for automatic disbarment.

Accordingly, petitioner's motion should be granted and respondent's name should be stricken from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), forthwith.

MURPHY, P. J., SULLIVAN, CARRO, WALLACH and TOM, JJ., concur.

Petition granted, and respondent's name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective May 31, 1994.