[613 NYS2d 148]

In the Matter of GARY K. MEYER (Admitted as GARY KENNETH MEYER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 7, 1994

#### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Andrew M. Lawler, P. C.,* for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Gary K. Meyer was admitted to the practice of

law in New York by the Second Judicial Department on March 19, 1969. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

On August 6, 1993, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of conspiracy to commit mail fraud, in violation of 18 USC § 371, which constitutes a felony under the United States Code.

On February 4, 1994, respondent was sentenced to a term of imprisonment of 27 months and upon release from prison to probation for a period of two years. Respondent was further ordered to pay a fine in the amount of $40,000.

Respondent was the Secretary-Treasurer and a Director of Sloans Supermarkets, Inc., an entity which owned approximately 30 supermarkets in New York City. In connection with a program that allowed a customer to present a coupon clipped from a newspaper or magazine for a product in order to receive a discount from Sloans for the purchase, respondent and his coconspirators purchased millions of dollars worth of coupons from persons who would mass cut them from newspapers, magazines and circulars, which were not used for the purchase of any product. Sloans paid these persons a percentage of the face value of the mass-cut coupons. Sloans commingled the purchased coupons with coupons it legitimately received from consumers despite the fact that the redemption policies set by the manufacturers required that the only coupons that qualified for redemption were those coupons received by a store in connection with the sale of the products specified on the coupons. Respondent, on behalf of Sloans, knowingly purchased these mass-cut coupons for the purpose of falsely and fraudulently redeeming them through the clearinghouse.

As Secretary-Treasurer and a Director of Sloans, respondent regularly wrote checks in payment for the mass-cut coupons.

Sloans received payment for the mass-cut coupons from the clearinghouse in excess of one million dollars.

By petition dated December 13, 1993, the Departmental Disciplinary Committee seeks an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys on the ground that respondent's Federal criminal offense, if committed in New York, would be a felony, and thus, is a proper predicate for automatic disbarment.

In determining whether an attorney's conduct satisfies the elements of a New York felony, we hold that respondent's admissions in the plea allocution are sufficient to satisfy the elements of larceny, a felony under New York law, and constitute a predicate for automatic disbarment. *(See, Matter of Catalfo,* 181 AD2d 213; *Matter of Powsner,* 195 AD2d 21.)

Respondent's cross motion for an order determining that the crime of which he has been convicted is a "serious crime", suspending him from the practice of law, and referring this matter to the Committee for a hearing, is denied. The fact that respondent was acting in a corporate rather than an individual capacity is of no moment to the issue of larceny.

Accordingly, the Committee's petition is granted and respondent's name is stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

MURPHY, P. J., SULLIVAN, CARRO, WALLACH and TOM, JJ., concur.

Petition granted, and respondent's name struck from the roll of attorneys and counselors-at-law in the State of New York, effective June 7, 1994; respondent's cross motion for an order finding that he was convicted of a serious crime and directing that a hearing be held is denied.