[621 NYS2d 30]

In the Matter of SETH BENSON, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 3, 1995

## APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Seth Benson,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice law at the First Judicial Department in 1975, and has maintained an office for such practice within this Department at all relevant times since then. In May 1994 respondent pleaded guilty, in United States District Court for the Eastern District of New York, to three counts of mail fraud (18 USC § 1341) and one count of tax evasion (26 USC § 7201). Each of these counts is a Federal felony (18 USC § 3559), but there is no New York felony analog *(Matter of Teplin,* 82 AD2d 296, 297; *see, Matter of Levine,* 168 AD2d 116). Thus, disbarment is not automatic *(cf.,* Judiciary Law § 90 [4] [b]), and a "serious crime" inquiry would normally be warranted (subd [4] [d]), unless the criminal conduct admitted to in the Federal plea allocution satisfies the elements of a New York felony.

The first three counts in the Federal information charged respondent's participation in schemes to defraud insurance companies by falsely reporting claims of $1.1 million, $175,000 and $2.1 million, respectively. The fourth count charged underreporting of more than $100,000 in income.

With respect to the first count, respondent admitted in open court that he and his partner, retained as public adjusters for A&D Department Stores, had submitted a fraudulently inflated loss figure to USF&G, the insurance carrier, for fire and water damage, and failed to report information to the effect that the fire had been staged with the knowledge of his partner and others. Respondent further volunteered that he, his partner and this insured had participated in two earlier fraudulent claims to this insurer. With respect to the second count, respondent admitted that in pursuing an insurance claim with Certain Underwriters at Lloyds for fire loss on behalf of Windsor Plumbing Supply Company, he sought to have witnesses for this client assert facts at deposition which were not true, and also sought to bribe an agent of the insurer to recommend approval of the claim. With respect to the third count, respondent and his partner, as public adjusters, admitted having fraudulently inflated a burglary claim on behalf of

J. Berman Company against Hanover Insurance Company. The fourth count involved respondent's conceded failure to report over $100,000 in income on his Federal tax return for 1991.

In entering his plea in Federal court, respondent acknowledged the possible consequences, including imprisonment, probation, fines, restitution, and even "disbarment".

Respondent's admissions in the plea allocution, when read in conjunction with the counts of the information, are sufficient to satisfy the elements of felonious larceny under New York law (see, Penal Law § 155.42), and thus constitute a predicate for automatic disbarment under Judiciary Law § 90 (4) (b) (Matter of Meyer, 200 AD2d 17; Matter of Karsch, 197 AD2d 262; Matter of Powsner, 195 AD2d 21). Under the circumstances, a "serious crime" hearing is unnecessary (Matter of Catalfo, 181 AD2d 213).

This matter was first brought to petitioner's attention by a Justice of the Supreme Court in New York County who had presided over respondent's matrimonial trial in 1993. The Trial Judge later learned that when respondent testified in United States District Court for the Southern District of New York at the criminal trial of the owner of Windsor Plumbing Supply, respondent acknowledged having offered perjured testimony at his earlier matrimonial proceeding in State court in order to conceal "a couple of hundred thousand dollars" in assets from his wife. We are also informed that there has been, since 1992, a "serious crime" inquiry pending against respondent in this Court based upon his plea of guilty in the Southern District to willful failure to file a tax return (26 USC § 7203).

Respondent's other challenges to the petition are rejected. This disciplinary action was triggered by respondent's guilty plea in the Eastern District (see, Matter of David, 145 AD2d 150), and while a judgment of such conviction should be certified or exemplified as evidence (Judiciary Law § 90 [4] [b]), there is no requirement that plea allocution minutes be so certified or exemplified. We further hold that service of the petition was proper (see, 22 NYCRR 605.11 [d] [1]).

Accordingly, the petition is granted and respondent's name is ordered stricken from the roll of attorneys authorized to practice law in this State.

SULLIVAN, J. P., WALLACH, KUPFERMAN, ASCH and WILLIAMS, JJ., concur.

Petition granted, and respondent's name directed to be struck from the roll of attorneys and counselors-at-law in the State of New York, effective December 29, 1994.