[657 NYS2d 1]

In the Matter of THOMAS D. MORATH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 24, 1997

**APPEARANCES OF COUNSEL**

*Elyse N. Post* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Murray Richman* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Thomas D. Morath was admitted to the practice

of law in New York by the First Judicial Department on March 25, 1963. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On or about March 1, 1996, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of wire fraud in violation of 18 USC § 1343, which is a felony under the United States Code. The information alleged that respondent, as an Administrative Law Judge for the New York City Parking Violations Bureau, accepted bribes in exchange for arranging for the improper dismissal of parking tickets. On November 25, 1996, respondent was sentenced to: 18 months' probation; alcoholism treatment; psychological counseling; and restitution in the amount of $10,000.

The Departmental Disciplinary Committee seeks an order, either: (1) striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) (automatic disbarment), or, in the alternative, (2) determining that the crime of which respondent has been convicted constitutes a "serious crime" under Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b), and, based thereon, suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing him, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Departmental Disciplinary Committee which shall thereupon hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made.

Pursuant to the Judiciary Law, an attorney who is convicted of a felony (as defined by Judiciary Law § 90 [4] [e]) ceases to be an attorney upon his conviction (see, § 90 [4] [a]) and shall be struck from the roll of attorneys in this State (see, § 90 [4] [b]).

Respondent's conviction of the Federal felony of wire fraud (18 USC § 1343) is sufficiently analogous to the New York felony of receiving a bribe in the third degree (Penal Law § 200.10) to provide a proper predicate for automatic disbarment under Judiciary Law § 90 (4) (b). The attorney's admissions in the plea allocution are relevant to a determination of whether his criminal conduct constitutes a New York felony (see, Matter of Benson, 207 AD2d 81, 83; Matter of Meyer, 200 AD2d 17, 19). Here, the respondent admitted in Federal court that he dismissed various parking tickets in exchange for cash and other benefits. By this admission, respondent admitted to

having engaged in activity which would constitute the New York felony of bribe receiving in the third degree (Penal Law § 200.10), which is defined as follows: "A public servant is guilty of bribe receiving in the third degree when he solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that his vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced."

While this Court has not previously considered this precise argument, it appears that respondent's conviction is "essentially similar" to Penal Law § 200.10 (a class D felony) for purposes of the automatic disbarment statute. Accordingly, the petition for an order striking respondent's name from the roll of attorneys should be granted.

Respondent's motion for an extension of time in which to answer the petition is denied.

MILONAS, J. P., NARDELLI, RUBIN, WILLIAMS and ANDRIAS, JJ., concur.

Respondent's motion for an extension of time in which to answer the petition is denied, the petition granted, and respondent's name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.