In the Matter of HESPER A. JACKSON, JR., an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 21, 1987

## APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Hesper A. Jackson, Jr.,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee for the First Judicial Department seeks an order pursuant to Judiciary Law § 90 (2) suspending respondent Hesper A. Jackson, Jr., from the practice of law forthwith and pending the completion by the Committee of its investigation of complaints made against respondent of serious professional misconduct.

Respondent was admitted to practice in the Supreme Court, Appellate Division, Second Judicial Department, on December 17, 1958, and has maintained his practice of law therein. By order of the Appellate Division, Second Department, jurisdiction over respondent concerning this investigation was conferred on this Department to ensure impartiality, since respondent was a member of the Grievance Committee of the Second and Eleventh Judicial Districts and had worked closely with the chief counsels for the Grievance Committees in the Ninth and Tenth Districts.

On October 8, 1986, respondent was personally served with a subpoena duces tecum issued by this court directing his appearance at the Committee's office on October 28, 1986, to investigate three complaints of professional misconduct involving such serious charges as conversion of escrow funds, breaches of fiduciary duty and neglect of client matters. Respondent appeared and was granted an adjournment to November 12, 1986, to retain counsel. On November 7, 1986, respondent moved this court for an order staying the Committee from assuming jurisdiction over him and from continuing its investigation. By order dated January 16, 1987, this court denied respondent's petition and directed him to comply with the October 8, 1986 subpoena duces tecum.

An appearance was scheduled for January 27, 1987, at which respondent appeared without counsel, but with the documents and files requested. At this hearing he declined to produce his documents for inspection, requested another adjournment, and admitted that he had consulted an attorney but had not yet retained one. He claimed an intent to appeal the January 16, 1987 order of this court, but, to date, respondent has not pursued any such appeal nor made any effort to comply with the October 8, 1986 subpoena.

As it appears respondent has no intent to cooperate in this investigation and at every turn attempts to thwart it, and because the complaints do involve serious allegations of pro-

fessional misconduct, we direct that respondent be suspended from the practice of law forthwith and pending the investigation and until further order of this court. We also direct that respondent comply with the previous order of this court requiring his cooperation in the Committee's investigation.

KUPFERMAN, J. P., SULLIVAN, CARRO, MILONAS and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York forthwith and pending investigation and until the further order of this court, as indicated.