In the Matter of DENNIS PAUL ELKIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 5, 1989

### APPEARANCES OF COUNSEL

*Hiram Lopez* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Petitioner, Departmental Disciplinary Committee (DDC) for

the First Judicial Department, moves for an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), suspending respondent Dennis Paul Elkin, from the practice of law forthwith and until such time as the disciplinary matters before the DDC have been concluded.

Respondent, Dennis Paul Elkin, was admitted to the practice of law in New York by the Second Judicial Department on February 25, 1976. At all times relevant herein, respondent has maintained an office for the practice of law in the First Department.

In May 1988, the DDC received a complaint from one Joyce Patane that respondent neglected her personal injury case and failed to communicate with her for several months.

Although respondent was notified of the complaint filed against him, he has yet to submit appropriate answers to the DDC, despite repeated requests by letter, certified mail and telephone. Also in the course of its investigation, the DDC issued several subpoenas duces tecum demanding respondent's sworn testimony. Following the first subpoena, duly served by certified mail on or about May 2, 1989, scheduling an appearance on May 17, 1989, respondent, who did not appear, was granted an adjournment. A new date of June 7, 1989 was set for the deposition, of which respondent was notified by certified mail. However, on that date respondent did not appear; moreover, he did not contact the DDC by mail or telephone to alert staff counsel that he would be unavailable or would require a new date.

On June 29, 1989, another subpoena duces tecum was prepared, requesting respondent appear on July 25, 1989. In the accompanying letter, respondent was advised that the July 25 date was final and would not be adjourned; the letter further advised respondent that should he fail to appear, the DDC would file a motion with this court seeking his suspension for failure to cooperate. The subpoena and letter were personally served on respondent July 11, 1989.

Again, respondent failed to appear or otherwise contact the DDC, either before or since that date. The DDC also asserts that respondent has not, to date, responded to Ms. Patane's allegations and, in fact, has thwarted the DDC's investigation. Furthermore, as pointed out by an affirmation and exhibits in support of the DDC's motion for an immediate suspension, respondent has likewise frustrated the Grievance Committee for the Second and Eleventh Judicial Districts in its investigation of another complaint lodged against him.

We conclude that the DDC's motion for an interim order of suspension should be granted, in light of respondent's shockingly obvious, deliberate and willful attempts to derail the DDC's investigation. *(Matter of Gordon,* 142 AD2d 135.)

Accordingly, pursuant to 22 NYCRR 603.4 (e) (1) (i), respondent is suspended from the practice of law forthwith, until such time as the complaint against him has been finally disposed of and until further order of this court. Additionally, we direct respondent to cooperate with the DDC's investigation without engaging in any further dilatory tactics. *(Matter of Gordon, supra; see also, Matter of Jackson,* 128 AD2d 150, 152.)

CARRO, J. P., ASCH, ELLERIN, WALLACH and RUBIN, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York forthwith, until such time as the complaint against him has been finally disposed of and until the further order of this court; and respondent is directed to cooperate with the Committee's investigation without further delay.