In the Matter of RICHARD T. PETTY (Admitted as RICHARD THOMAS PETTY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 17, 1990

APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel *(Hal. R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee for the First Judicial Department seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) of the rules of this court, suspending respondent, Richard T. Petty, from the practice of law forthwith and until such time as the disciplinary matters pending before the Committee, which consist of 11 complaints of serious professional misconduct, have been completed.

Respondent was admitted to the practice of law by the First Judicial Department on March 21, 1983, and has, at all times relevant herein, maintained an office for the practice of law within the First Judicial Department.

The substance of the complaints brought against respondent is remarkably consistent, namely, respondent is repeatedly alleged to have accepted retainer fees, in amounts ranging from $245 to $420, to prosecute various claims which, in each instance, he has either totally neglected or failed to pursue. In addition, respondent has been charged with two instances of failing to return funds held in escrow, one for the sum of $8,000 and the other $15,000. In total, the moneys which respondent is alleged to have improperly retained is in excess of $25,400.

Despite notification of the complaints and repeated demands

by the Committee for the submission of answers thereto, respondent has failed to submit responses to the complaints. Although he appeared before the Committee on June 29, 1989, after having been served with a subpoena duces tecum, respondent has since failed to comply with the Committee's requests that he submit written answers to the complaints, despite his promises to do so.

In light of all of these circumstances, the Committee's motion for an interim order of suspension is granted. Respondent's conduct in willfully and intentionally refusing to answer the 11 pending complaints and otherwise *cooperate* with the DDC is inexcusable. This conduct on the part of respondent has severely impeded the Committee's investigation and disposition of the serious complaints against him, thereby warranting immediate suspension. *(Matter of Gordon,* 142 AD2d 135; *Matter of Linn,* 129 AD2d 219.)

Moreover, the Committee's receipt of 11 *complaints,* including the neglect of legal matters, misrepresentation, *failure to* account for escrow funds, lack of communication with clients, and failure to refund unearned retainer fees, leads to an inference that respondent is engaged in a continuing course of professional misconduct that immediately threatens the public interest.

Accordingly, pursuant to 22 NYCRR 603.4 (e) (1) (i), respondent should be suspended from the practice of law forthwith and until such time as the complaints against him have been finally disposed of and until further order of this court. In addition, respondent should be directed to cooperate with the Committee's investigation without further delay. *(See, Matter of Jackson,* 128 AD2d 150, 152.)

KUPFERMAN, J. P., ROSS, KASSAL, SMITH and RUBIN, JJ., concur.

Respondent suspended, as indicated.