In the Matter of JOSEPH R. MACK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 5, 1991

### APPEARANCES OF COUNSEL

*Judith N. Stein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Joseph R. Mack,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

By notice of motion dated September 12, 1990, the Depart-

mental Disciplinary Committee is seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (i) of the rules of this court suspending the respondent from the practice of law forthwith and until such time as the disciplinary matters before the Committee have been concluded.

Respondent Joseph Mack was admitted to the practice of law in the State of New York by the First Judicial Department on December 23, 1968. At all times relevant herein, the respondent has maintained an office for the practice of law in the First Judicial Department. In April 1989, the Committee received a complaint in which it was alleged that the respondent had failed to account for moneys received in escrow as rent from tenants of the Mount Olive Baptist Church. In June 1989, the Committee received a complaint from Sandra Neely in which it was alleged that Mack had neglected to pursue a divorce action in connection with which he was paid a retainer in February 1987. The Committee promptly forwarded both complaints to the respondent but despite diligent efforts to contact respondent he chose to ignore same.

On April 3, 1990, the Committee moved to suspend the respondent for willfully failing to cooperate with its investigation of the two complaints. In response to the Committee's motion the respondent asserted that the matters involved in the two complaints had been resolved with the complainants, and that therefore the complaints should be dismissed as moot. The Committee replied stating that respondent's answers were totally unresponsive and that the fact that restitution may have been made by an attorney does not bar the disciplinary proceedings. By order numbered M-1628, entered July 18, 1990, this court granted the Committee's motion insofar as to direct the respondent to appear at the offices of the Committee for a sworn interview and to comply with the document requests in the subpoenas issued on October 25, 1989 and January 26, 1990 within 20 days of the date of entry of that order. The order also provided that if the respondent failed to appear for said interview with the requested documentation the petitioning Committee could move, on five days' notice, for an order suspending the respondent pending completion of the Committee's investigation.

No communication was received by the Committee from the respondent until August 13, 1990, some 26 days after the date of entry of the aforementioned order, when the respondent appeared, without an appointment, and without any of the requested documentation, at the offices of the counsel to the

Committee at approximately 12:30 P.M. Coincidentally, staff counsel had sent two copies of a letter (one by registered mail and one by certified mail) to the respondent scheduling an interview pursuant to this court's order for August 24, 1990. Accordingly, when respondent appeared at the offices of the counsel to the Committee he was given a third copy of· the letter that had been mailed to him that morning. The affirmation of the staff counsel and the affidavit of a staff investigator both state that after being advised that, pursuant to the order he was to have appeared on August 7, 1990, and that same was rescheduled to 10:30 A.M. on August 24, 1990, respondent apparently became offended, and left after acting in a "rude", "inappropriate" and "offensive" manner.

Respondent failed to appear at the Committee's offices for the scheduled interview on August 24, 1990 and, according to staff counsel for the committee has, as of the date of the present motion, failed to contact the Committee.

The respondent has exhibited a pattern of noncompliance and avoidance with respect to the Committee's investigation of the complaints against him. While the respondent may have legitimately misapprehended this court's order directing him to appear within 20 days of entry thereof, when the respondent did appear he failed to bring the requested documentation and thereafter failed to avail himself of the opportunity to cooperate by appearing for the rescheduled deposition provided by the Committee.

As it appears that the respondent has no intention of cooperating with the Committee, and because the complaints involve serious allegations of professional misconduct, we direct that respondent be suspended from the practice of law forthwith, and pending the investigation, and until further order of this court. We also direct the respondent to fully cooperate in the Committee's investigation (*Matter of Jackson,* 128 AD2d 150).

KUPFERMAN, J. P., ROSS, ROSENBERGER, KASSAL and SMITH, JJ., concur.

Respondent is directed, within 90 days from the date of entry of this court's order, to show cause before the Departmental Disciplinary Committee, which shall hold a hearing and issue a report and recommendation, why a final order of

censure, suspension or disbarment should not be made, and pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective January 31, 1991, and until the further order of this court.