In the Matter of ELLIOT J. STEIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 10, 1991

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Elliot J. Stein,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Petitioner Departmental Disciplinary Committee for the First Judicial Department moves for an order suspending respondent from the practice of law forthwith, pending the

final resolution of disciplinary charges against him, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), on the grounds that respondent has failed to comply with the Committee's lawful demands made in connection with its investigation of respondent and that there is uncontroverted evidence of respondent's professional misconduct, respectively.

Respondent was admitted to the practice of law in the State of New York in the First Judicial Department on March 3, 1975. At all times relevant to this proceeding, he has maintained an office for the practice of law in the First Judicial Department.

Petitioner commenced an investigation of respondent based upon a complaint, transferred to it from the Fifth Judicial District Grievance Committee in Syracuse, New York, that respondent had been holding a $43,332.33 settlement check for over a year and had not paid any portion thereof to the client.

In August 1990, respondent answered that he was awaiting direction from the client as to the distribution of the funds; and in response to the Committee's requests in September and October 1990 that respondent furnish the deposit slip used to deposit the client's funds and the complete bank statements pertaining to respondent's regular escrow account and business account at Republic National Bank, respondent supplied only bank statements which failed to show a deposit in the amount of the settlement check. In purported compliance with petitioner's renewed demands for documents, respondent, by letter of February 26, 1991, furnished a monthly statement from an escrow account at Republic National Bank, allegedly demonstrating a deposit of $65,000, claimed to be proof of respondent's deposit of the client's funds. At respondent's March 7, 1991 deposition by the Disciplinary Committee, held only after he had succeeded in obtaining several adjournments and had, on another occasion, failed to appear as scheduled, respondent claimed he was still looking for the material deposit slip and represented that the settlement funds had remained intact in the escrow account from July 1989 through February 1991, at which time he had mailed a check drawn on that account to the client's new attorney. Petitioner's subpoena upon Republic National Bank provided documentation that there had been no deposit into the escrow account of $65,000 in July of 1989, as respondent had claimed, and that the balance in that account had, in fact, ranged from $442.60 in July of 1989 to $286.38 in March of 1991, with the only

activity being deductions for monthly maintenance fees. In May 1991, the client's new attorney submitted an affidavit denying receipt of any check or funds from respondent. Respondent failed to submit any documentation in response to petitioner's final demand for the deposit slip, bank records or other evidence that the client had been paid.

In response to this motion, respondent has merely requested two adjournments, claiming inadequate time to respond; the first such request, made one day before the original return date, was granted on consent and the motion adjourned three weeks, and the second, made on the adjourned return date, was denied by this court. Respondent has failed to submit any other response. While the motion has been pending, petitioner has submitted supplemental proof demonstrating that three additional clients of respondent have filed similar complaints, that respondent would neither release any proceeds owing to them nor provide any accounting, after being requested to do so; and that respondent has failed to answer these additional complaints since May 1991, although requested to do so.

Petitioner has demonstrated on this motion that respondent has failed to comply with its lawful demands for documents made in connection with its investigation of the initial complaint against him; and has defaulted in submitting a written answer to three additional charges of professional misconduct. Moreover, the proof on this motion establishes that respondent submitted false documentation to the Committee and falsely testified under oath in the course of his deposition by the Disciplinary Committee. In the face of such showing, respondent has offered no opposition. By both dilatory tactics and submission of false evidence respondent has sought to thwart petitioner's investigation. On this record, the grant of the motion and the suspension of respondent pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) is essential *(Matter of Gordon,* 142 AD2d 135, 137; *Matter of Elkin,* 152 AD2d 213, 215).

Accordingly, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), respondent is suspended from the practice of law forthwith, until such time as the pending disciplinary matters have been fully disposed of, and until further order of this court. We also direct respondent to cooperate with petitioner's investigation *(Matter of Jackson,* 128 AD2d 150, 152).

MILONAS, J. P., ROSENBERGER, ELLERIN, KASSAL and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York forthwith, until such time as the pending disciplinary matters have been fully disposed of, and until the further order of this court.