In the Matter of BIROL JOHN DOGAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 31, 1992

## APPEARANCES OF COUNSEL

*Joseph L. Forstadt* and *Nancy Allen Markhoff* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Birol John Dogan, was admitted to the practice of law in the State of New York by the First Judicial Department on August 22, 1983, and has, at all times relevant to this proceeding, maintained an office for the practice of law within the First Judicial Department.

By notice of motion dated January 17, 1992, petitioner, the Departmental Disciplinary Committee, is seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) of the rules of this court, suspending respondent from the practice of law forthwith, pending final resolution of disciplinary charges against him. This relief is sought on the ground that respondent has willfully failed to cooperate with the Committee's investigation of the charges, and that there exists uncontroverted evidence, as summarized below, of serious professional misconduct.

On July 31, 1991, the Committee received a complaint from Mohammed Kahn Ruzvi, stating that in June 1991 he had given respondent, who was representing him in negotiations for a commercial lease, $12,500 to be used as a security deposit. Respondent deposited the check into an account designated "Attorney Business Account", rather than into his escrow account. Thereafter, respondent neither performed the legal work required by Mr. Ruzvi, nor returned the money, although he purportedly attempted to do so with three checks, all drawn from the "Attorney Business Account", in the amounts of $10,000, $2,500, and $2,100. Each check was returned to the client's bank unpaid, due to insufficient funds.

By letter dated August 15, 1991, the Committee forwarded respondent a copy of the Ruzvi complaint, and directed that he serve an answer within 20 days. The Committee's letter was personally delivered, and respondent acknowledged receipt thereof, on August 15, 1991. When respondent failed to reply to the letter within the requisite 20 days, the Committee hand-delivered a second letter to respondent, on November 5, 1991, directing him to answer the Ruzvi complaint within 10 days, and advising that failure to do so could result in suspension. Despite respondent's acknowledgment of receipt of the November 5, 1991 letter, the Committee has not heard from respondent to date.

On October 29, 1991, respondent signed a confession of judgment acknowledging his debt to Mr. Ruzvi in the amount of $14,500, and has since made full restitution. Although Mr. Ruzvi's attorney has informed the Committee that his client wishes to withdraw the complaint against respondent as a result of this development, respondent's refusal to cooperate is in no way mitigated.

While the Ruzvi matter was pending, the Committee received another complaint against respondent from the law

firm of Pelletreau & Pelletreau, which represented the sellers in the purchase of a gasoline station that was being purchased by respondent's client for $50,000. On the date of closing, August 2, 1990, respondent brought a $35,000 certified check, and suggested that the seller accept a $15,000 check drawn on his "Attorney's Trust Account" for the balance of the purchase price. When the seller's attorneys contacted respondent's bank, however, they were informed that the account had insufficient funds to cover such an amount. Upon being so informed, respondent represented that he was about to deposit a certified check for $15,000 that could be drawn upon the very next day. On the basis of this representation, respondent's uncertified check for $15,000 was accepted, on condition that he execute a personal undertaking guaranteeing payment. The guarantee was to abate upon seller's receipt of the certified check for $15,000, no later than the close of business on August 3, 1990. When the certified check was not received, and respondent did not answer calls from seller's attorneys, the uncertified check was deposited. It was returned for insufficient funds.

Further evidence of serious professional misconduct, accompanied by a disregard for investigations, is demonstrated by a proceeding currently pending in the State of New Jersey. There, respondent is alleged to have failed to satisfy a $51,260 mortgage on a real property transaction in which he represented the purchasers. At the closing, respondent was instructed to deliver this sum to the bank, which would then record a release of mortgage. He failed to do so and, after failing to cooperate with the investigation, the Supreme Court of New Jersey temporarily suspended respondent, on October 9, 1991, from the practice of law, and placed a restraint upon his bank account.

In light of this evidence of serious professional misconduct and failure to cooperate, for which respondent has offered no response or refutation, we conclude that intervention by the court is necessary for the protection of the public interest, and respondent is accordingly suspended forthwith, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) of the rules of this court *(see, Matter of Stein,* 171 AD2d 202; *Matter of Jackson,* 128 AD2d 150). This suspension shall remain in effect until such time as the pending disciplinary matters have been concluded, and until further order of this court.

MILONAS, J. P., ELLERIN, WALLACH, ASCH and KASSAL, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective forthwith, until such time as the pending disciplinary matters have been concluded, and until the further order of this court.