In the Matter of JOSE A. QUESADA (Admitted as JOSE ALBERTO QUESADA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 27, 1992

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*S. Stanley Kreutzer* of counsel *(The Jacob D. Fuchsberg Law Firm,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Jose A. Quesada was admitted to the practice of law in New York by the First Judicial Department on June 19, 1978, as Jose Alberto Quesada. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee (DDC) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) to suspend respondent from the practice of law forthwith based upon his willful failure to cooperate with the DDC in its investigation and uncontroverted evidence of serious professional misconduct, specifically the conversion of client funds.

This disciplinary matter was commenced pursuant to a complaint by the counsel for the purchaser of a grocery business. Said counsel alleged that respondent, counsel for the seller, had failed to provide him with proof that taxes and other outstanding debts of the business had been paid by the seller with monies held in escrow by respondent pursuant to the parties' agreement. In the course of investigating this complaint, the DDC requested an answer to the complaint, subpoenaed relevant financial records, and sought to depose respondent. There is uncontrovertible evidence in this record that from August 23, 1989, when the DDC served respondent with a copy of the complaint, until the filing of the instant motion in July 1991, respondent (1) failed to answer the complaint despite the grant of several extensions of time to do so, (2) caused the adjournment of one deposition because he failed to bring subpoenaed records and failed to appear at all for a subsequently noticed deposition, and (3) responded to DDC requests and subpoenae for records in an untimely, piecemeal and incomplete manner despite promises to comply fully. Moreover, this course of conduct persisted despite repeated warnings directly to respondent and his former counsel, not representing respondent in this proceeding that such conduct would result in the instant motion.

Respondent attributes his noncooperation to his former counsel. However, respondent admits that he did not retain such counsel until December 18, 1989. Prior to that date respondent, acting *pro se,* had been warned regarding his failure to answer the complaint and had caused a deposition to be adjourned because he failed to appear with the subpoenaed records. It was not until April 1990 that former counsel

for respondent partially responded to the request for records. In addition, respondent and his former counsel failed to appear, without explanation, for a deposition in September 1990. Respondent contends he was never aware of that deposition or communications from the DDC to his former counsel.

Respondent's arguments are totally lacking in merit. We find that his noncooperation with the DDC investigation was willful.

As a result of respondent's partial production of bank records, there is evidence that monies deposited into respondent's escrow account pursuant to the grocery business sale were used by respondent for some other purpose. Respondent's own records indicate that on or about June 7, 1989, he received $67,500 for the purchase of the grocery store and deposited same into his escrow account. Subsequently, $61,750 of these monies were properly disbursed, leaving $5,750. Prior to the $5,750 being properly disbursed, respondent's account showed a negative balance.

In addition to the evidence of conversion in the grocery store transaction, the DDC's review of respondent's escrow account statements revealed a $42,046.52 overdraft. According to Hilda Hernandez, respondent represented her and her husband in the sale of their home and purchase of a new home. The proceeds from their sale were deposited into respondent's escrow account. The subsequent purchase left a balance of $42,046.52 due to the couple. The check in that amount to them from respondent was returned for insufficient funds. Respondent ultimately made restitution.

Respondent incorrectly argues that the withdrawal of the complaint concerning the grocery business sale and restitution in the Hernandez matter dispose of the disciplinary proceedings. (See, 22 NYCRR 605.9 [a].) Moreover, respondent has not refuted these serious allegations of misconduct regarding clients' funds. This uncontroverted evidence of serious misconduct and the willful failure to cooperate with the DDC investigation compel intervention by the court. (Matter of Elkin, 152 AD2d 213 [1989]; Matter of Jackson, 128 AD2d 150 [1987].)

Accordingly, the respondent should be suspended pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) until such time as the disciplinary matters herein have been concluded and until further order of this Court.

SULLIVAN, J. P., KUPFERMAN, ROSS, KASSAL and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective forthwith, and until the further order of this Court.

Upon the Court's own motion, the Per Curiam opinion released herein on February 4, 1992 (174 AD2d 217) [M-4067] is recalled and vacated and a new Per Curiam opinion released August 27, 1992 substituted therefor.