In the Matter of VINCENT J. CATALFO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 23, 1992

### APPEARANCES OF COUNSEL

*Naomi F. Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Vincent J. Catalfo was admitted to the Bar by this court on December 13, 1958.

In August 1991, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count each of tax evasion (26 USC § 7201), mail fraud (18 USC § 1341), and laundering monetary instruments (18 USC § 1956 [a] [1] [A] [ii]; [B]).

Respondent had been appointed as guardian ad litem by the Surrogate's Court, New York County, to represent Mark Leydin in connection with his aunt's estate. He received a $45,000 probate award as attorney for his client, a 22-year-old man who suffers from Down's Syndrome.

Upon entering his guilty plea in United States District Court to mail fraud, respondent admitted that he intentionally converted Mr. Leydin's $45,000 award for his own use by depositing the check into his business account at Merchants Bank instead of an escrow account, and then drawing against it. Respondent further admitted that he used false Social Security numbers in identifying the Merchants Bank account in order to conceal the source of the funds. He also pleaded guilty to evading $65,926 in Federal taxes for 1989 and one count of money laundering in violation of 18 USC § 1956 (a) (1) (A) (ii); (B).

Neither Federal tax evasion nor wire fraud have been held to be analogue felonies for the purpose of automatic disbarment pursuant to Judiciary Law § 90 (4) (a), which provides for automatic disbarment upon conviction of a felony. (See, Matter of Teplin, 82 AD2d 296 [mail fraud]; Matter of Levine, 168 AD2d 116 [tax evasion].) Nor has it been determined whether laundering of monetary instruments (18 USC § 1956) is an analogue felony of money laundering under New York Penal Law article 470.

Federal convictions for wire fraud and tax evasion have generally been treated as "serious crimes," as defined in Judiciary Law § 90 (4) (d): "the term serious crime shall mean any criminal offense denominated a felony under the laws of * * * the United States which does not constitute a felony under the laws of this state, and any other crime a necessary element of which * * * includes * * * misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft".

The essence of the offense pleaded to under the wire fraud conviction is larceny, which would have a New York analogue in article 155 of the Penal Law. In pleading to mail fraud, respondent admitted to all of the elements of felony larceny under Penal Law article 155.

On this record, respondent's admitted criminal conduct—deliberate theft of client funds by use of a fraudulent bank account—and the fact that respondent admitted to all the elements of a New York felony, and on all of the acts set forth in his plea, disbarment is the only appropriate sanction, regardless of whether appellant's conviction be deemed an analogue felony (Judiciary Law § 90 [4] [e]), or a serious crime (Judiciary Law § 90 [4] [d]). *(See, Matter of Kurtz,* 174 AD2d 207; *Matter of Wechsler,* 165 AD2d 39.) The respondent does not oppose this application. Accordingly, the petition to disbar respondent is granted.

MURPHY, P. J., CARRO, WALLACH, ROSS and RUBIN, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York and his name stricken from the roll of attorneys and counselors-at-law, effective July 23, 1992.