[610 NYS2d 248]

In the Matter of MELVYN ALTMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 19, 1994

## APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel *(Hal R. Lieberman),* for petitioner.

*Michael S. Ross* of counsel *(LaRossa, Mitchell & Ross,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Melvyn Altman was admitted to the practice of law in New York by the Second Judicial Department on October 14, 1959. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

In July 1992, respondent was found guilty, after a jury trial, in the United States District Court, Southern District of New York, of four counts of mail fraud; one count of witness tampering; five counts of making false statements to lending institutions; and two counts of income tax fraud. Each of the counts constitutes a felony under Federal law. Respondent was sentenced to a term of 41 months in prison and ordered to make restitution and pay back taxes.

Respondent's mail fraud convictions involved his fraud upon an estate and a conservatee. He was a court-appointed conservator, and had made submissions to a court-appointed Referee that failed to disclose improper investments. He had deposited estate funds into his own bank account and failed to list a substantial estate asset which he received. He mishandled over $700,000 of funds belonging to the estate and to the conservatee.

The Departmental Disciplinary Committee is seeking an order pursuant to Judiciary Law § 90 (4) (a) striking his name from the roll of attorneys or, in the alternative, for an order determining that the crimes of which respondent has been convicted are "serious" pursuant to Judiciary Law § 90 (4) (d) and upon said determination suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing respondent to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made.

The Committee contends that the nature of respondent's Federal conviction, particularly the counts involving conversion of funds that he was obligated to hold intact in his fiduciary role as conservator and executor, warrants disbarment in accordance with *Matter of Catalfo* (181 AD2d 213). In *Catalfo,* the Court disbarred the attorney upon his guilty plea to wire fraud and mail fraud for theft of funds he received in his fiduciary capacity as his client's guardian ad litem. Like-

wise here, the Committee contends, disbarment is the appropriate sanction in light of respondent's deliberate conversion of estate funds and the pattern of fraud to cover up his defalcations.

Respondent opposes the application for automatic disbarment contending that his conviction was not for stealing money and conversion, but because he invested the funds in a theatrical venture in contravention of the "prudent person rule".

For the Federal felonies to trigger automatic disbarment, the offense must constitute a felony under the New York Penal Law. However, it need not be a "mirror image" of the New York felony (Matter of Margiotta, 60 NY2d 147, 150).

We find that the conviction under 18 USC § 1014 is sufficiently analogous to New York Penal Law § 175.35. Moreover, because of the nature of the derelictions of which respondent has been convicted, disbarment would, in any event, be in order (Matter of Catalfo, 181 AD2d 213, 215, supra).

Accordingly, the petitioner's motion to disbar respondent is granted and the respondent's name shall be stricken from the roll of attorneys and counselors-at-law, forthwith.

SULLIVAN, J. P., CARRO, WALLACH, KUPFERMAN and TOM, JJ., concur.

Application granted and respondent's name is directed to be struck from the roll of attorneys and counselors-at-law in the State of New York, effective April 19, 1994.