[634 NYS2d 118]

In the Matter of WILLIAM S. KAYE (Admitted as WILLIAM SPIEGLER KAYE), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 30, 1995

**APPEARANCES OF COUNSEL**

*Barbara S. Gillers* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice at this Department in 1967, under the name William Spiegler Kaye. In December 1993 he was suspended from such practice on incontrovertible evidence of serious professional misconduct, viz., commingling of client funds, conversion and failure to account (194 AD2d 99). On November 16, 1994, respondent pleaded guilty, in United States District Court for the Eastern District of New York, to the Federal felony of mail fraud (18 USC § 1341). During the course of his plea, he acknowledged 19 fraudulent transfers to his own personal accounts of funds he held in trust for debtors or assignees in bankruptcy, totaling $377,397. On April 21, 1995 respondent was sentenced to five years' probation and ordered to make full restitution to the defrauded parties.

While the Federal crime of mail fraud has no New York felony analog (*Matter of Teplin*, 82 AD2d 296, 297), it is nonetheless a "serious crime" under New York law (Judiciary Law § 90 [4] [d]). Petitioner now seeks respondent's automatic disbarment (§ 90 [4] [b]), on the ground that the criminal activity acknowledged in the plea constituted felonious behavior under New York law (§ 90 [4] [e]). Respondent has declined to contest the petition.

Respondent's admissions in the Federal plea allocution, when read in conjunction with the counts of the information charging fraudulent invasion and transfer of trust funds for personal use, satisfy the elements of grand larceny in the second degree (Penal Law §§ 155.05, 155.40), a class C felony. This constitutes a predicate for automatic disbarment under Judiciary Law § 90 (4) (b) (*Matter of Benson*, 207 AD2d 81; *Matter of Catalfo*, 181 AD2d 213). Accordingly, the petition is granted and respondent's name is ordered stricken from the roll of attorneys authorized to practice law in this State.

MURPHY, P. J., WALLACH, RUBIN, KUPFERMAN and ASCH, JJ., concur.

Petition granted to the extent it seeks to strike respondent's name from the roll of attorneys and counselors-at-law in the State of New York, and respondent's name is so directed to be stricken.