■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SERGIO SOTO, Respondent. [646 NYS2d 328] —Order, Supreme Court, Bronx County (Dominic Massaro, J.), entered May 30, 1995, which reduced both the first count of Indictment No. 7791/94 charging defendant with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]) and the third count of said indictment charging defendant with criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), unanimously reversed, on the law and the facts, and the original counts one and three of Indictment No. 7791/94 are reinstated.

The hearing court's reduction of the first and third counts of the indictment in this matter, apparently upon its finding that the evidence before the Grand Jury was insufficient to establish defendant's knowledge of the weight of the contraband in question, was error. It is clear that a defendant's knowledge of the weight of a controlled substance can be shown by inferences drawn from the circumstances attendant to defendant's possession, such as the amount of the controlled substance possessed, uniform packaging of the substance, defendant's handling of the substance, and "saleslike conduct" or other cir-

cumstances which demonstrate an involvement in the sale of drugs (*People v Sanchez*, 86 NY2d 27, 33-35).

In this matter, the Grand Jury was presented with evidence that defendant possessed an amount of cocaine well in excess of the minimum amounts required to support charges of criminal possession of a controlled substance in the third and fifth degrees, along with other substantial evidence that defendant was engaged in the packaging for sale and the sale of cocaine. It is well settled that "[t]he sufficiency of the People's presentation is properly determined by inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" (*People v Jennings*, 69 NY2d 103, 114). Viewing the evidence presented in the light most favorable to the People, it is clear that the grand jurors could reasonably conclude that defendant knowingly possessed the amounts required to support the charges of criminal possession of a controlled substance in the third and fifth degrees. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Nardelli, JJ.