[680 NYS2d 5]

In the Matter of ROBERT S. ELKINS (Admitted as ROBERT SCOTT ELKINS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 22, 1998

### APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*James J. McCrorie* and *Jacob R. Evseroff* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Robert S. Elkins was admitted to the practice of

law in the State of New York by the Second Judicial Department on January 13, 1993, as Robert Scott Elkins. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In all matters under review, respondent, as escrow agent, was authorized to release funds only under certain specified conditions. It is charged that respondent violated his fiduciary duty by improperly releasing the funds. Respondent was served with a notice and statement of charges dated October 31, 1995 in which it was alleged that he violated Code of Professional Responsibility DR 1-102 (A) (4) and (7) (now [8]) and DR 9-102 (B), (C) (3) and (E) (22 NYCRR 1200.3, 1200.46) by releasing escrow funds without justification and without notice, by misleading an escrowee as to whether he continued to hold funds in escrow, by failing to render appropriate accounts to persons who had entrusted their funds to him, and by improperly writing escrow checks made payable to "cash". Respondent filed an answer dated December 26, 1995, in which he denied most of the charges filed against him.

By a prehearing stipulation dated September 23, 1997, respondent admitted all of the factual allegations of the charges and his violation of the specified provisions of the Code of Professional Responsibility. The Disciplinary Committee staff stipulated to recommend to the Panel that respondent be suspended from the practice of law for a period of three years.

By a report and recommendation dated March 9, 1998, in which the Hearing Panel reviewed the admitted facts and charges as well as the evidence introduced at the hearing, the Panel sustained the charges and issued its recommendation that respondent be suspended for three years.

The five matters at issue and the 13 charges against respondent pertain to his representation of E. F. Gibson, Ltd., formerly E.F.G. Ltd. The firm purported to be in the business of loan brokerage but, in reality, engaged in a multimillion dollar scheme to defraud potential borrowers.

In determining an appropriate sanction, the Panel took into account the aggravating and mitigating circumstances. In aggravation, the Panel considered respondent's lack of candor. At the hearing, respondent sought to portray himself as a novice in financial affairs, who was completely unaware of the impropriety of the loan transactions until after he severed his relationship with E. F. Gibson, Ltd.

The Panel found respondent to be less than forthcoming in describing his activities in connection with the release of escrow

funds. Although stipulating to the violation of various disciplinary rules, the Panel was disturbed by respondent's refusal to acknowledge any wrongdoing in his role as escrow agent, other than being used by his client to further a criminal enterprise. The Panel noted, "The violations consisted of specific and obvious failures on his part to require compliance with the escrow documents. This was his job as an escrow agent. Only after persistent questioning did Respondent address these matters." The Panel also did not credit respondent's recollection of his effort to separate from E. F. Gibson. The Panel noted that, even after his suspicions had been aroused, respondent entered into a similar arrangement with ex-Gibson employees, also engaged in the lending business.

In mitigation, the Panel took into account respondent's cooperation with the government and the Disciplinary Committee, the lack of prior disciplinary infractions and respondent's character evidence. Upon realizing the full nature of E. F. Gibson's fraudulent scheme in 1995, respondent obtained counsel and approached the FBI. He fully cooperated with the government's investigation, including wearing a body wire and taping telephone conversations to collect evidence against the firm. He continues to cooperate with the United States Attorney's office, and introduced into evidence a letter of cooperation from an Assistant United States Attorney General. Additionally, the Panel noted that respondent's cooperation with the Disciplinary Committee conserved its resources by obviating the need for a factual hearing on the issue of liability.

The Panel also regarded respondent's inexperience to be a mitigating factor (see, Matter of Cooper, 200 AD2d 221). The Panel noted that respondent had no real prior business experience, that E. F. Gibson, Ltd. was his first and only client, and that respondent did not comprehend the nature of the commercial transactions underlying his service as escrow agent.

The Departmental Disciplinary Committee seeks an order confirming the Hearing Panel's findings of fact and conclusions of law and suspending respondent from the practice of law for a period of three years. In response, respondent has submitted an Affidavit of Resignation pursuant to 22 NYCRR 603.11. He avers that he is submitting his resignation voluntarily, without subjection to coercion or duress and with full awareness of the implications of his resignation from the Bar. With respect to the proffered charges, respondent notes that he has admitted his misconduct by way of the September 23, 1997 stipulation, and during his testimony before the Hearing Panel on October 28, 1997.

It is evident that prompting respondent's resignation are four complaints pending against him before the Grievance Committee for the Tenth Judicial District. With respect to these charges, respondent states that he has agreed to fully cooperate with the Grievance Committee's investigation and admits the following:

"8. File N-334-98 deals with the same subject matter and business association as the cases the Panel heard and I fully admit my misconduct associated with that complaint.

"9. File S-172-98 deals with an alleged partial non-refund of a fee for services rendered in a matrimonial action. With regard to this complaint, I agree to make restitution as the Committee deems fit.

"10. File S-3138-97 involves the Estate of the in-laws of my first cousin that I was asked to handle six years after the death of the deceased individuals. I will continue to cooperate with the Committee's investigation and will agree to submit the matter to a binding arbitration.

"11. File S-641-98 involves another Estate matter to which I also will agree to submit to a binding arbitration."

The Committee argues that respondent's resignation should not be accepted because his affidavit does not comply with Rules of this Court (22 NYCRR) § 603.11 (a) (3), requiring that an attorney acknowledge that, should charges be predicated upon the misconduct under investigation, he could not successfully defend himself against them on the merits. The Committee concludes that respondent's offers of restitution and his agreement to submit to arbitration neither resolve the disciplinary issues raised by the additional complaints nor satisfy the Court's rule. The Committee argues that this Court may consider respondent's lack of cooperation with the Grievance Committee for the Tenth Judicial District and his attempts to circumvent its investigation in aggravation of the sanction to be imposed. The Committee asserts that whereas respondent's cooperation had been considered a mitigating factor by the Hearing Panel, it is negated by respondent's lack of cooperation in the latest investigations.

The perception of respondent's "lack of cooperation" seems to have been the result of his determination to resign from the Bar. Hence, any reluctance appears to be the product of pending criminal charges, rather than an intent to hinder the Committee's investigation. As stated in a letter from the Chief Counsel for the Grievance Committee for the Tenth Judicial

District, respondent's attorney has indicated that respondent will soon surrender to the Nassau County District Attorney on a charge of grand larceny in connection with one of the complaints.

In view of the additional criminal and disciplinary charges preferred against respondent, the Committee's petition is granted solely to the extent that respondent is suspended from the practice of law pending a hearing to determine any additional penalty to be imposed. Respondent's request to resign from the Bar is denied without prejudice to a further application upon compliance with 22 NYCRR 603.11 (a) (3) and resolution of the charges pending against him.

MILONAS, J. P., ROSENBERGER, NARDELLI, WALLACH and RUBIN, JJ., concur.

Petition granted to the extent of suspending respondent from the practice of law in the State of New York for an indefinite period of time, effective immediately, pending a hearing to determine any additional penalty to be imposed, and until the further order of this Court, and respondent's request to resign from the Bar denied without prejudice to further application, as indicated.