[701 NYS2d 388]

In the Matter of ROBERT S. ELKINS (Admitted as ROBERT SCOTT ELKINS), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 13, 2000

**APPEARANCES OF COUNSEL**

*Mady J. Edelstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Robert S. Elkins was admitted to the practice of

law in the State of New York by the Second Judicial Department on January 13, 1993, as Robert Scott Elkins. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By an order and decision entered October 22, 1998, this Court suspended respondent for an indefinite period of time pending a hearing to determine any additional penalty to be imposed (248 AD2d 20). Based upon the initial charges of improperly releasing escrow funds, the Departmental Disciplinary Committee had petitioned the Court to confirm the Hearing Panel's findings of facts and conclusions of law that respondent should be suspended for three years. When it became known that additional charges were pending against respondent, he submitted his resignation. It was evident that the additional charges were the impetus for respondent's attempted resignation. The Court, therefore, suspended respondent from the practice of law pending a hearing to determine any additional penalty to be imposed. Respondent's application to resign from the Bar was denied without prejudice (*id.*, at 24). It has now been ascertained that respondent was charged in a criminal information in the United States District Court for the Eastern District of New York with mail fraud, in violation of 18 USC § 1341. On May 21, 1999, respondent pleaded guilty to the information.

The Committee now moves for an order automatically disbarring respondent pursuant to Judiciary Law § 90 (4) (b) and (e) based upon his criminal conviction. Relying on respondent's admissions in his plea allocution that he intentionally converted $95,000 from an estate, the Committee argues that respondent's Federal conviction is essentially similar to the New York felony of grand larceny in the second degree. Grand larceny in the second degree is established by proof that a person stole property (Penal Law § 155.05) the value of which exceeds $50,000 (Penal Law § 155.40). Respondent's admissions upon pleading guilty to the Federal felony of mail fraud establish these elements of the New York felony. This Court has previously disbarred attorneys pursuant to Judiciary Law § 90 (4) (b) who were convicted of mail fraud and whose plea allocutions satisfied the elements of grand larceny (*see, Matter of Kaye*, 217 AD2d 197; *Matter of Benson*, 207 AD2d 81).

The Committee also brings to this Court's attention additional evidence of respondent's misconduct. First, respondent failed to notify the Committee of his guilty plea, although obligated to do so pursuant to Judiciary Law § 90 (4) (c). Second,

respondent failed to file an affidavit of compliance with the Committee following his suspension, as required by Court rule (Rules of App Div, 1st Dept [22 NYCRR] § 603.13 [f]). Third, the Committee represents that it has received uncontested evidence that respondent continued to practice law after his suspension.

Accordingly, the motion should be granted and, having ceased to be an attorney upon his Federal conviction on May 21, 1999, respondent's name should be stricken from the roll of attorneys in this State, effective nunc pro tunc to May 21, 1999.

ROSENBERGER, J. P., NARDELLI, MAZZARELLI, WALLACH and RUBIN, JJ., concur.

Petition granted and respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, as indicated.