[710 NYS2d 49]

In the Matter of GARY D. PEIFFER, Also Known as GARY DAVID PEIFFER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 27, 2000

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Sarah Diane McShea* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the Bar at the Third Judicial

Department in 1982, and has practiced law within the First Department at all times pertinent to these proceedings. He is also admitted to practice in New Jersey.

In 1998, a 106-count indictment was handed up in United States District Court for the Southern District of New York, stemming from an investigation by the Securities and Exchange Commission (SEC) into certain sham transactions which involved, in part, a financial concern (Mutual Investor's Funding Corporation) whose president and sole shareholder was respondent. Respondent was named in two of those counts, alleging obstruction of Federal governmental proceedings, perjury and conspiracy, in violation of 18 USC §§ 1505, 1621 and 371, all classified as Federal felonies (18 USC § 3559 [a]). On December 3, 1998, respondent entered a plea of guilty to those counts, and is awaiting sentencing.

Respondent consents to petitioner's request for an order striking his name from the roll of attorneys and disbarring him as of the date of his plea. He has also notified the New Jersey authorities of his guilty plea, and has expressed his desire to resign from that Bar.

The underlying Federal felonies of obstructing governmental proceedings and perjury have no direct New York felony analog. However, a "mirror image" of a New York felony is not required (*Matter of Altman*, 196 AD2d 390, 392). Essential similarity between the elements of a Federal offense and a New York felony may be established in the admission under oath during the respondent's plea allocution (*Matter of Baum*, 258 AD2d 83), which may be read in conjunction with the indictment (*Matter of Kaye*, 217 AD2d 197). The Federal indictment specifies conduct alleging respondent's conspiracy to fabricate and backdate documents which were to be submitted as evidence in connection with the proceedings before the SEC. During his plea allocution, respondent admitted that he had fabricated such a document with the understanding that it would be submitted to the SEC. This is similar to the New York felony of offering a false instrument for filing in the first degree (Penal Law § 175.35; *see, Matter of Sprecher*, 181 AD2d 347).

Respondent has been convicted of a Federal felony offense which would also have been considered a felony under New York law if committed in this State (Judiciary Law § 90 [4] [e]). Upon such conviction, he automatically ceased to be an attorney competent to practice law in this State (§ 90 [4] [a]), ef-

fective upon the date of his plea (*Matter of Kourland*, 172 AD2d 77). Accordingly, the petition should be granted and respondent's name stricken from the rolls.

SULLIVAN, P. J., NARDELLI, TOM, WALLACH and LERNER, JJ., concur.

Petition granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, as indicated.