[728 NYS2d 29]

In the Matter of SCOTT E. RUSCZYK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 19, 2001

APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Nicholas C. Cooper* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Scott E. Rusczyk, was admitted to the practice of law in the State of New York by the Second Judicial Department on January 17, 1990. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

Respondent was charged in the United States District Court for the Eastern District of New York in a complaint dated March 6, 2000, with the felony offense of unlawfully importing the controlled substance MDMA, commonly known as Ecstasy, into the United States, in violation of 21 USC § 952 (a). On April 17, 2000, the complaint was superseded by an information. On this same date, respondent waived prosecution by indictment and pleaded guilty to the charge against him, as alleged in the information. On December 14, 2000, respondent was sentenced to three years' probation, costs of $100, and 1,000 hours of community service over the three-year period.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e).

The Committee asserts that the criminal conduct underlying respondent's Federal conviction is a basis for automatic disbarment since it is "essentially similar" to the New York felony of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [6]).

Petitioner relies on the minutes of respondent's plea allocution which contain his admissions regarding his knowledge of the amount of Ecstasy in his possession and his intent to sell it.

During the allocution, respondent admitted that he had conspired with other people to import a substance containing MDMA into the United States, that he had brought MDMA into the United States on two occasions, once in December 1999 and the second on March 4, 2000. Respondent further

admitted that on March 4, 2000, he was apprehended with approximately 21,000 pills which contained MDMA.

Petitioner contends that the foregoing admissions satisfy the elements of the New York felony of criminal possession of a controlled substance in the third degree (Penal Law § 220.16). The essential elements of this crime are (1) knowledge of possession of a hallucinogenic substance, (2) intent to sell it, and (3) the substance must weigh at least one gram.

The hallucinogenic substance involved is MDMA, as classified by New York Public Health Law § 3306. Regarding weight, the complaint originally filed against respondent stated that the 21,000 pills found on respondent, plus the 27 pills found in an "Advil" bottle, had a gross weight of approximately 4,357.7 grams. Respondent's acceptance of the prosecutor's statement regarding the quantity of Ecstasy pills found in his possession when he was apprehended, when considered in conjunction with the factual information alleged in the complaint, satisfy the statute's requirement of knowledge as to amount (*Matter of Kaye*, 217 AD2d 197; *Matter of Peiffer*, 274 AD2d 158). Furthermore, this Court has ruled that a defendant's knowledge as to the amount of illegal substances he possessed can be inferred from the amount found in his possession (*People v Gonzalez*, 233 AD2d 121, *lv denied* 89 NY2d 942; *People v Soto*, 230 AD2d 651).

As to respondent's intent to sell, this was satisfied by respondent's admissions to the extraordinarily large number of pills he possessed and to his active participation in an international conspiracy to import drugs into the United States (*People v Gray*, 232 AD2d 179, 180, *lv denied* 89 NY2d 1093; *People v Richardson*, 244 AD2d 273, *lv denied* 91 NY2d 1012). Petitioner maintains that the required elements for a conviction pursuant to Penal Law § 220.16 (6) were satisfied by virtue of his plea admissions and the amount of Ecstasy found in his possession and, therefore, he was automatically disbarred upon his conviction.

Respondent opposes the motion and cross-moves for an order determining that his conviction constitutes a "serious crime" as defined by Judiciary Law § 90 (4) (d), suspending him from the practice of law, and referring the matter for a hearing to determine an appropriate sanction (Judiciary Law § 90 [4] [f], [h]). Respondent's allegation, that only the language of the Federal statute in question and not statements made during the course of a guilty plea may be looked at to determine if a Federal felony offense is "essentially similar" to a New York

felony offense, is incorrect. In *Matter of Kim* (209 AD2d 127, 130), this Court explained the distinction:

> "While respondent correctly points out that we cannot look beyond the language of the Federal statute to the underlying factual allegations of the indictment in order to ascertain whether those allegations are capable of establishing a violation of New York law (citations omitted), we have also made a distinction between factual allegations contained in the indictment and admissions made under oath in the allocution during the guilty plea, the latter of which we have considered when determining whether the offense constituted an appropriate predicate for disbarment" (*Matter of Greenberg*, 187 AD2d 12; *Matter of Catalfo*, 181 AD2d 213; *see also Matter of Bertel*, 252 AD2d 256, 257-258).

In *Matter of Kaye* (*supra*), this Court approved of the consideration of plea admissions in conjunction with the counts of the information when determining if a statute's elements were satisfied.

In addition, there is no merit to respondent's argument that there was no evidence in the record establishing that respondent had knowledge of the actual weight or amount of the Ecstasy. In this regard, respondent points to his answer, where he specifically denies he had knowledge as to the weight of the drugs or that he possessed the pills with intent to sell them. However, respondent admitted that on his last trip back to this country, he possessed a bag which contained approximately 21,000 pills, thereby satisfying the required elements for a conviction pursuant to Penal Law § 220.16 (*People v Pitterson*, 234 AD2d 79, *lv denied* 89 NY2d 1014). An inference can, therefore, be drawn as to knowledge of the amount where a defendant is found to be in possession of a large quantity of a controlled substance (*People v Gonzalez, supra*; *People v Soto, supra*). Therefore, respondent ceased to be an attorney upon his Federal conviction.

Accordingly, the petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b). Respondent's cross motion for an order pursuant to Judiciary Law § 90 (4) (d) and (h) determining that his Federal conviction constitutes a "serious crime" and ordering a sanction hearing should be denied.

SULLIVAN, P. J., ANDRIAS, ELLERIN, RUBIN and BUCKLEY, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York nunc pro tunc to April 17, 2000. Cross motion to refer matter for hearing and other relief denied.