[730 NYS2d 561]

In the Matter of DOUGLAS WILSON MILLER, Also Known as DOUGLAS WILLAS MILLER (Admitted as D. W. MILLER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 1, 2001

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On July 24, 2000, the respondent was convicted in the Superior Court of the State of Washington of three counts of

delivery of a controlled substance (amphetamine) (*see*, Wash Rev Code § 69.50.401) and attempted delivery of a controlled substance (amphetamine or methamphetamine) (*see*, Wash Rev Code §§ 69.50.401, 9A.28.020), upon a jury verdict. He was sentenced to a term of 48 months imprisonment and one year of community supervision.

Washington Revised Code § 69.50.401 (a) states, in relevant part, that "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." According to the findings of fact and conclusions of law reached by Judge Ronald Kessler of the Superior Court of the State of Washington, the respondent, *inter alia*, delivered "substantial" amounts of amphetamines to a detective on several dates in exchange for money. Washington Revised Code § 69.50.401 is essentially similar to Penal Law § 220.06 (criminal possession of a controlled substance in the fifth degree) and Penal Law § 220.31 (criminal sale of a controlled substance in the fifth degree), both class D felonies.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony. Accordingly, the petitioner's motion is granted. The respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and SMITH, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Douglas Wilson Miller, also known as Douglas Willas Miller, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Douglas Wilson Miller, also known as Douglas Willas Miller, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or

other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.