[757 NYS2d 525]

In the Matter of VICTOR EBISAN EKPERIGIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 4, 2003

## APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Victor Ebisan Ekperigin was admitted to the practice of law in the State of New York by the Second Judicial

Department on August 1, 1984. At all times pertinent to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

On August 29, 1989, respondent was charged in a five-count indictment filed in Superior Court of New Jersey with possession of cocaine and heroin with intent to distribute near school property, unlawful gun possession, and attempting to bribe a police officer. On November 17, 1989, he pleaded guilty to one count of possession of a controlled dangerous substance in violation of New Jersey Statutes Annotated § 2C:35-10 (a) (1). When asked at the plea proceeding how far he had gone in school, respondent answered "college." On February 21, 1992, he was sentenced to three years' probation and fined a $1,000 drug penalty. In addition, respondent's driver's license was suspended for six months, he was ordered to remain offense free, seek employment, and to submit to random drug testing.

On August 26, 1992, respondent was indicted in Virginia for conspiring to distribute cocaine in violation of Virginia Code Annotated §§ 18.2-256 and 18.2-248. On September 25, 1992, respondent pleaded guilty to the charged crime, and was sentenced to 20 years' incarceration with 14 years suspended, followed by 14 years of supervised probation. Respondent testified falsely at the Virginia sentencing proceeding that he did not have a middle name, and that the only degree he had beyond tenth grade was a GED. Respondent was released on parole in Virginia on September 29, 1993.

In all documents related to the Virginia conviction, respondent's surname is spelled with an "x" (Experigin). In all documents related to the New Jersey conviction, it is spelled, correctly, with a "k" (Ekperigin). When the New Jersey court learned of the Virginia conviction, it issued an order, dated March 8, 1996, extending respondent's probation in New Jersey five years, based upon the fact that he had violated a condition of his probation.

The Departmental Disciplinary Committee (DDC) seeks an order striking respondent's name from the roll of attorneys in New York pursuant to Judiciary Law § 90 (4) (b) upon the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e).

The DDC asserts that respondent's convictions of two drug-related offenses, both of which are felonies in foreign jurisdictions, are a basis for automatic disbarment because they are essentially similar to New York felonies under Judiciary Law § 90 (4) (e). New York Judiciary Law § 90 (4) (e) provides:

"For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

Petitioner maintains that respondent's conviction of violating New Jersey Statutes Annotated § 2C:35-10 (a) (1) for possessing cocaine and heroin in the third degree is analogous to the New York felony of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). Respondent admitted at his plea allocution that after he exited his parked vehicle the police approached him and retrieved a small quantity of cocaine and heroin from his pocket. This allocution was sufficient to establish the crime of third degree possession of a controlled substance (NJ Stat Ann § 2C:35-10 [a] [1]). In New York, a felony conviction for criminal possession of a controlled substance requires that the individual knowingly possess "one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of one-half ounce or more" (Penal Law § 220.16 [12]). Thus, respondent's New Jersey conviction is essentially similar to the New York felony of criminal possession of a controlled substance in the third degree, and it is a proper predicate for his automatic disbarment in this state (*see Matter of Rusczyk*, 285 AD2d 228 [2001]).

Moreover, respondent's Virginia conviction for conspiracy to distribute cocaine is "essentially similar" to the New York offense of criminal possession of a controlled substance in the third degree under Penal Law 220.16 (1). The Virginia statute provides that a person who "manufacture[s], sell[s], give[s], distribute[s] or possess[es] with intent to manufacture, sell, give or distribute" cocaine is guilty of a felony (Va Code Ann § 18.2-248). The New York felony prohibits knowingly possessing a "narcotic drug with intent to sell it" (Penal Law 220.16 [1]). During his plea allocution respondent acknowledged the accuracy of the stipulated evidence detailing the circumstances of his arrest, including the police's recovery of several pieces of drug paraphernalia used in the manufacture of crack cocaine found in respondent's motel room.

Because respondent has been convicted of two drug-related offenses, both of which are felonies in the foreign jurisdictions,

and either of which constitutes a predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (b), he should be deemed to have been automatically disbarred.

Accordingly, the petition of the Departmental Disciplinary Committee for the First Judicial Department should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b).

MAZZARELLI, J.P., ANDRIAS, SAXE, WILLIAMS and MARLOW, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, as indicated.