[761 NYS2d 619]

In the Matter of MARK VIRAG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 29, 2003

## APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Mark Virag was admitted to the practice of law in the State of New York by the Second Judicial Department on March 6, 1974, and at all times pertinent to this proceeding

has maintained an office for the practice of law within the First Judicial Department.

Petitioner, the Departmental Disciplinary Committee for the First Judicial Department, seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (a) and (b), on the ground that respondent has been automatically disbarred as a result of his conviction of a federal felony that would constitute a New York felony if committed in New York.

Respondent pleaded guilty on October 3, 2002 to all counts of a 24-count information by which he was charged in the United States District Court for the Southern District of New York with mail fraud in violation of 18 USC §§ 1341 and 2. The information alleged that respondent and his brother, Allen Virag (see 307 AD2d 37 [2003]), devised and executed a scheme to retain greater sums of money in attorney's fees than the amounts to which they were entitled in connection with their clients' monetary recoveries on personal injury claims. The information charged respondent alone with misappropriating funds that had been deposited for certain clients in his firm's escrow account.

In his plea allocution, respondent admitted that, with the intent to defraud his clients, he changed 19 clients' retainer agreements from the sliding scale type to the one-third contingency type when the amount of their settlement recoveries rendered the latter more profitable for the firm, without advising the clients that the change would reduce their share of the recovery, and withheld from 11 of the clients whose retainer agreements he changed and from five other clients an additional sum due to them and directed it to himself, without informing them. He admitted that the amounts of money he withheld from clients included individual sums of $1,009, $4,645, and $79,968, and that he used the mails in furtherance of his scheme to withhold money from clients to whom it was due.

Respondent's admissions in his federal plea allocution satisfy the elements of the New York felonies of grand larceny in the second, third, and fourth degrees, which are established by proof that a person stole property (Penal Law § 155.05), the value of which exceeds $50,000 (Penal Law § 155.40), $3,000 (Penal Law § 155.35), and $1,000 (Penal Law § 155.30), respectively. Therefore, upon his conviction, respondent automatically ceased to be an attorney or to be competent to practice law in this state.

Accordingly, his name should be stricken from the roll of attorneys in this state (Judiciary Law § 90 [4] [a], [e]; *see Matter of Elkins*, 263 AD2d 293, 294 [2000]), effective nunc pro tunc to October 3, 2002.

MAZZARELLI, J.P., ANDRIAS, SAXE, ELLERIN and WILLIAMS, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 3, 2002.