[760 NYS2d 467]

In the Matter of ALLEN J. VIRAG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 29, 2003

**APPEARANCES OF COUNSEL**

*Sherry K. Cohen* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Richard M. Maltz* of counsel (*Benjamin Brotman & Maltz*), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Allen J. Virag was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on February 21, 1973, and at all times pertinent to this proceeding has maintained an office for the practice of law within the First Judicial Department.

Petitioner, the Departmental Disciplinary Committee for the First Judicial Department, seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (a) and (b), on the ground that respondent has been automatically disbarred as a result of his conviction of a federal felony that would constitute a New York felony if committed in New York.

Respondent pleaded guilty on October 3, 2002 to one count of a 24-count information by which he was charged in the United States District Court for the Southern District of New York with mail fraud in violation of 18 USC §§ 1341 and 2. The information alleged that respondent and his brother, Mark Virag (*see* 307 AD2d 34 [2003]), devised and executed a scheme to obtain approximately $16,000 more in attorney's fees than the amount to which they were entitled in connection with their client's monetary recovery on a personal injury claim. On February 21, 2003, respondent was sentenced to six months' incarceration and ordered to make restitution based on all the firm's misconduct.

In his plea allocution, respondent admitted that he understood the allegations in count one of the information, which named the client matter and the amount of money withheld from the client. He admitted that, knowing that the client's retainer agreement had been changed without the client's consent from the sliding scale type to the one-third contingency type, and knowing that as a result of the unauthorized change in the retainer agreement the firm would obtain a larger fee than it was entitled to, and knowing that his conduct was unlawful, he changed the firm's file copy of the agreement and he permitted the case to be settled. He admitted that he understood that the mails would be used in connection with the settlement.

Respondent contests petitioner's assertion that his admissions in his federal plea allocution satisfy the elements of the New York felony of grand larceny in the third degree, which are established by proof that a person stole property (Penal Law § 155.05) exceeding $3,000 in value (Penal Law § 155.35). He contends that his allocution is ambiguous and therefore factually inadequate as a predicate for the petition, that

petitioner has drawn erroneous inferences from the allocution, and that his actual behavior is different from that alleged by petitioner. Respondent seeks an order declaring his criminal offense a "serious crime," pursuant to Judiciary Law § 90 (4) (d), referring the matter for a mitigation hearing, pursuant to 22 NYCRR 603.12 (a), and suspending him on an interim basis until this proceeding is completed.

We find, however, that the elements of grand larceny in the third degree are satisfied by respondent's admissions in the plea allocution, when read in conjunction with count one of the information charging that respondent and his brother withheld approximately $16,745 from their client by making misrepresentations and material omissions in furtherance of their scheme to retain greater sums of money than the amount to which they were entitled in connection with the client's monetary recovery for a personal injury claim (*see Matter of Kaye*, 217 AD2d 197, 198 [1995]). Respondent's allocution therefore constitutes a predicate for automatic disbarment under Judiciary Law § 90 (4) (b) (*id.*).

Accordingly, respondent's name should be stricken from the roll of attorneys in this state (Judiciary Law § 90 [4] [a], [e]; *see Matter of Elkins*, 263 AD2d 293, 294 [2000]), effective nunc pro tunc to October 3, 2002. The cross motion should be denied.

MAZZARELLI, J.P., ANDRIAS, SAXE, ELLERIN and WILLIAMS, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 3, 2002.