[9 NYS3d 637]

In the Matter of JENNIFER JO ILLINGWORTH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 27, 2015

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

*Jennifer Jo Illingworth*, Damascus, Maryland, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

On or about October 27, 2009, the respondent pleaded guilty in the Circuit Court of Fairfax County, Commonwealth of Virginia, to possession of a controlled drug with intent to distribute, in violation of Virginia Code Annotated § 18.2-248, as charged. There is no record of the respondent advising this Court of such conviction as required by Judiciary Law § 90 (4) (c).

Pursuant to Judiciary Law § 90 (4) (a): "Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law."

Judiciary Law § 90 (4) (e) provides:

> "For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). A conviction of conspiracy to distribute cocaine, in violation of Virginia Code Annotated § 18.2-248, has been held to be "essentially similar" to the New York offense of criminal possession of a controlled substance in the third degree, in violation of Penal Law § 220.16 (1) (*see Matter of Ekperigin*, 304 AD2d 133 [2003]). Accordingly, the offense of which the respondent was convicted in Virginia constitutes a felony within the meaning of Judiciary Law § 90 (4) (e).

The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law based on her conviction of a felony. In response, the respondent states that she was unaware of her obligation to notify this Court of her conviction, as she relied upon the advice of her Virginia counsel that New York would be automatically notified by the court in Virginia of

the conviction. Further, she avers that she has not practiced law since her plea, and she requests that the date of her disbarment be effective as of the date of her plea, to wit, October 27, 2009.

By virtue of her conviction of a felony, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of October 27, 2009.

ENG, P.J., RIVERA, SKELOS, DILLON and MILLER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Jennifer Jo Illingworth, is disbarred, effective October 27, 2009, and her name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Jennifer Jo Illingworth, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Jennifer Jo Illingworth, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Jennifer Jo Illingworth, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).