Matter of Smith (2019 NY Slip Op 03904)





Matter of Smith


2019 NY Slip Op 03904


Decided on May 16, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. David Friedman, Justice Presiding,
Judith J. Gische
Troy K. Webber
Marcy L. Kahn
Jeffery K. Oing, Justices.


M-1595

[*1]In the Matter of Barlow Smith, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Barlow Smith, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Barlow Smith, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on
 December 3, 1956.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Lance E. Philadelphia, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Barlow Smith was admitted to the practice of law in the State of New York by the First Judicial Department on December 3, 1956. At all times relevant to this proceeding, respondent has maintained a registered address in Texas where he was admitted to practice.
The Attorney Grievance Committee (Committee) seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1), on the grounds that he was convicted of a felony as defined by Judiciary Law § 90(4)(e), and has therefore been automatically disbarred. In the alternative, the Committee requests that respondent's conviction be deemed a "serious crime" (Judiciary Law § 90 [4][d]), his interim suspension (Judiciary Law § 90[4][f]), and that this matter be referred for a sanction hearing (Judiciary Law § 90[4][g]).
For the reasons set forth below, we now grant the Committee's motion to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York on the grounds that he has been automatically disbarred as a result of his felony conviction in Texas which, if committed within New York, would constitute a felony in this state.
On August 12, 2015, respondent was convicted, upon his plea of guilty, in the District Court, Burnet County in Texas, of fraudulent delivery of a controlled substance, a prescription schedule III/IV/V, in violation of Texas Health and Safety Code § 481.129(c)(1), a felony in the third degree. Respondent, a medical doctor as well as an attorney, pled guilty to "intentionally or knowingly deliver[ing] to [an individual], by actual transfer or constructive transfer, a prescription for Phentermine, for other than a valid medical purpose in the course of his professional practice." On September 22, 2015, respondent was sentenced to five years of imprisonment, which was suspended, 10 years of community supervision, which included 15 days of incarceration, and fined $1,000.
By order dated May 2, 2017, the Supreme Court of Texas accepted respondent's resignation as an attorney in lieu of discipline based on his professional misconduct. By order filed February 26, 2018, the District of Columbia Court of Appeals imposed reciprocal discipline based upon respondent's resignation in Texas and suspended him for five years with a fitness requirement.
The Committee asserts that respondent failed to promptly report his conviction as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a), nor did he report the resulting discipline as required by section 1240.13(d). The Committee learned of both in 2018 from D.C. Bar Counsel. Respondent consented to service of this motion by mail at his Texas address but he has not submitted a response.
The Committee contends that automatic disbarment is warranted herein because respondent's Texas felony conviction for fraudulent delivery of a controlled substance/prescription, if committed in New York, would constitute the felony of criminal sale of a prescription for a controlled substance or of a controlled substance by a practitioner or pharmacist (Penal Law § 220.65[1]).
Judiciary Law § 90(4) provides for the automatic disbarment of an attorney convicted of a "felony," which is defined as "any criminal offense committed in any other state... classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90[4][e]; Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]). For a determination that an out-of-state felony has a New York analogy, the out of state felony does not have to be a "mirror image" of a New York felony, but must be "essentially similar" (Matter of Margiotta, 60 NY2d 147, 150 [1983]). This Court begins its determination by comparing the language of the applicable felony statutes, as well as an examination of its own precedent pertaining to the out of state felony at issue. If this initial analysis is inconclusive, "essential similarity" can be established by, among other things, admissions made under oath during a plea allocution, read in conjunction with the indictment or information (see e.g. Matter of Adams, 114 AD3d 1, 2-3 [1st Dept 2013]; Matter of Philwin, 108 AD3d 129, 132 [1st Dept 2013]; Matter of Sorin, 47 AD3d 1, 3 [1st Dept 2007]). Here, essential similarity is demonstrated by a comparison [*2]of the two felony statutes.
Texas Health and Safety Code § 481.129 provides, in pertinent part -
"(c) A person commits an offense if the person knowingly or intentionally:
"(1) delivers a prescription or a prescription form for other than a valid medical purpose in the course of professional practice...
"(f) An offense under Subsection (c)(1) is...
"(2) a felony of the third degree if the defendant delivers a prescription for a controlled substance listed in Schedule III, IV, or V."
New York Penal Law § 220.65 provides, in pertinent part-
"[a] person is guilty of criminal sale of a prescription for a controlled substance or of a controlled substance by a practitioner or pharmacist when: 1. being a practitioner, as that term is defined in section thirty-three hundred two of the public health law, he or she knowingly and unlawfully sells a prescription for a controlled substance. For the purposes of this section, a person sells a prescription for a controlled substance unlawfully when he or she does so other than in good faith in the course of his or her professional practice...
"Criminal sale of a prescription for a controlled substance or of a controlled substance by a practitioner or pharmacist is a class C felony."
The drug for which respondent was convicted of delivery of a fraudulent prescription, phentermine, is a controlled substance in New York (Public Health Law § 3306 Schedule IV[e][8]). That the Texas statute uses the term "delivers" while New York's Penal Law uses the term "sells" is of no import because both are defined synonymously under their respective statutory schemes.
Under Texas Health and Safety Code § 481.002(8) "deliver" is defined as - -
"... to transfer, actually or constructively, to another a controlled substance ... regardless of whether there is an agency relationship. The term includes offering to sell a controlled substance..."
In comparison, "sell" is broadly defined under Penal Law
§ 220.00(1) as —
"...to sell, exchange, give or dispose of to another, or to offer or agree to do the same."
We conclude that the Texas and New York felonies are essentially similar. The Second Department addressed a comparable scenario in Matter of Miller (286 AD2d 96 [2d Dept 2001]) in which the Court found two Washington State felony convictions for delivery and attempted delivery of a controlled substance were essentially similar to the New York felonies of criminal possession of a controlled substance in the fifth degree and criminal sale of a controlled substance in the fifth degree. The Miller Court's conclusion as to the latter statute is particularly instructive since the Second Department found that a Washington conviction for the "delivery" of a controlled substance was essentially similar to the "sale" of a controlled substance under New York Penal Law § 220.31. Miller is authority that there is no material difference under New York law between criminal "sale" and unlawful "delivery" of a controlled substance.
Findings similar to Miller have been made in other cases comparable to that of respondent (see e.g. Matter of Ekperigin, 304 AD2d 133 [1st Dept 2003]; Matter of Seide, 94 AD2d 153 [1st Dept 1983]; Matter of Felsen, 40 AD3d 1257 [3d Dept 2007]; Matter of Brubaker, 293 AD2d 129 [4th Dept 2002]).
As it is a felony under both the Texas and New York statutes to unlawfully provide a third-party [*3]with a prescription for a controlled substance, automatic disbarment is warranted herein as respondent ceased to be an attorney and counselor-at-law in New York as of the date of his Texas conviction (August 12, 2015), and this Court need not reach the Committee's alternate request that respondent's conviction be deemed a "serious crime" pursuant to Judiciary Law § 90(4)(d).
Accordingly, the Committee's motion should be granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), effective nunc pro tunc to August 12, 2015.
All concur.
Order filed. [May 16, 2019]
The Committee's motion is granted to the extent that respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), effective nunc pro tunc to August 12, 2015.